## 55327. CLAYTON v. THE STATE.

BELL, Chief Judge.

Defendant was convicted of the possession and sale of heroin. *Held:*

1. The indictment alleged that the offense was committed on October 8, 1975. Defendant was arrested on April 27, 1976, the day after the indictment was returned. He maintained that due to the protracted period between the alleged offense and arrest he could not reconstruct his whereabouts on October 8, 1975. The trial court denied defendant's motion to dismiss the case because of the seven months delay between the date of the alleged offense and his arrest. In *Blackwell v. State,* 139 Ga. App. 477 (228 SE2d 612), we held delay so as to impair the ability of defendant to prepare his defense may acquire a constitutional dimension of denial of the right to a speedy trial. But in case of delay defendant bears the burden of showing prejudice. The defendant has failed to do so here. A mere assertion of being unable to recall his whereabouts on a given day does not constitute a showing

of prejudice because of delay. The defendant did testify in his own behalf that he had never sold drugs.

2. The trial court denied defendant's motion for production of documents and witnesses under Code §§ 38-801 and 38-802 and Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1968). Defendant was in effect seeking the production of the district attorney's file in the case. The trial judge declined to make an in camera inspection of the file. Again the defendant has to demonstrate how his case has been prejudiced even where the trial judge refuses to inspect the file. *Hicks v. State,* 232 Ga. 393 (207 SE2d 30); *Coachman v. State,* 236 Ga. 473 (224 SE2d 36). No showing of prejudice has been made here.

3. It is within the sound discretion of the trial court whether to require the state to disclose to the defendant the name and address of a confidential informant. *Taylor v. State,* 136 Ga. App. 31 (220 SE2d 49). The denial of defendant's request for disclosure in this case was not shown to be an abuse of discretion.

4. Other claimed errors concerning the qualification of an expert witness, the admissibility of the heroin shown to have been purchased from defendant, and the denial of a request to charge are all meritless and require no further elaboration.

5. The evidence authorized the conviction.

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

ARGUED JANUARY 31, 1978 — DECIDED MARCH 16, 1978 — REHEARING DENIED MARCH 31, 1978 — CERT. APPLIED FOR.

*Cletus W. Bergen, II,* for appellant.

*Andrew J. Ryan, III, District Attorney, Stephen R. Yekel, Robert M. Hitch, III, Assistant District Attorneys,* for appellee.