## 68733. CALDWELL v. THE STATE.

DEEN, Presiding Judge.

Appellant S. Sam Caldwell, Commissioner of Georgia's Department of Labor, was indicted September 27, 1983, for conspiracy to defraud the State. At about the same time other members of the Labor Department, including one Nancy Sue Brown, were indicted for similar offenses, and Caldwell was named in the indictment of Ms. Brown as an unindicted co-conspirator. State of Georgia v. Nancy Sue Brown, Fulton County Indictment No. A-68279. After Brown was convicted in March 1984, Caldwell filed a "Plea in Former Jeopardy and Motion to Dismiss Indictment on the Grounds of Former and/or Double Jeopardy," alleging that he had in effect already been "tried" by the *Brown* court and that to make him stand trial in the instant case would place him in double jeopardy, contrary to constitutional and statutory proscriptions.

The State filed a traverse and demurrer to appellant's motion and, after a hearing, the trial court entered an order finding, *inter alia*, that Caldwell had not been placed in jeopardy during the *Brown* proceedings; that the "Motion to Dismiss . . . on the Grounds of Former . . . Jeopardy" was "factually a motion to dismiss . . . for other reasons, primarily prosecutorial misconduct, which has separately been denied"; and that the plea was "frivolous and totally devoid of merit" and was but a transparent "attempt to create a direct appeal under *Patterson v. State*, 248 Ga. 875 (1982)." Caldwell filed an interlocutory appeal from this judgment, and the State filed an "Extraordinary Motion for Expedited Review and Dismissal of the Appeal." This court denied the State's motion and issued an order declaring the trial court's order directly appealable under *Patterson*, supra, and holding that, under Abney v. United States, 431 U. S. 651 (97 SC 2034, 52 LE2d 651) (1977), and United States v. Dunbar, 611 F2d 985 (5th Cir. 1980), cert. denied 447 U. S. 926 (100 SC 3022, 65 LE2d 1120) (1980) (cases dealing with frivolous appeals), the trial court's jurisdiction had not been divested by appellant's filing his Notice of Appeal and was authorized to proceed with the trial during the pendency of the appeal. Appellant's subsequent motion for rehearing was denied on April 10, 1984, and on April 25, 1984, appellant was found guilty of conspiracy to defraud the State. *Held*:

Appellant's plea of former/double jeopardy is without merit. Although "questions of double jeopardy in Georgia must now be determined under the expanded statutory proscriptions [set forth in OCGA §§ 16-1-6, 16-1-7, and 16-1-8 (Code Ann. §§ 26-505, 26-506, 26-507]," *State v. Estevez*, 232 Ga. 316, 317 (206 SE2d 475) (1974), the statutory provisions are triggered only after a defendant has been initially placed in jeopardy. "A defendant is placed in jeopardy when, in

a court of competent jurisdiction with a sufficient indictment, he has been arraigned, has pled and a jury has been impaneled and sworn." *Shaw v. State*, 239 Ga. 690, 692 (238 SE2d 434) (1977).

Appellant does not dispute that in the *Brown* proceedings he was not arraigned, he entered no plea, and no jury was impaneled and sworn against him. Under the *Shaw* criteria, then, appellant was not placed in jeopardy prior to his own trial, and the cases he cites purportedly in support of his position are inapposite. In United States v. Briggs, 514 F2d 794 (5th Cir. 1975), two named but unindicted persons, prior to trial, moved the trial court for an order expunging references to them in the indictment. While their appeal from the denial of this motion was pending, the indicted conspirators were acquitted, and the Fifth Circuit reversed the trial court's denial of the motion and ordered the names expunged because, *inter alia*, the appellants were placed by the acquittal in the procedural posture of having no forum available in which to seek exoneration. In *State v. Shepherd Constr. Co.*, 248 Ga. 1 (281 SE2d 151) (1981), the Supreme Court held, at p. 4, that "[t]he 'perfect' indictment must either name the alleged 'other' conspirators or label them as unknown or unindicted." The *Brown* indictment meets this criterion, and the mere fact of being named in an indictment in an entirely different proceeding in no way operates to place appellant Caldwell in double jeopardy.

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED JULY 16, 1984.

*Theodore S. Worozbyt, William A. Morrison*, for appellant.

*Michael J. Bowers, Attorney General, O. Hale Almand, Jr., Special Assistant Attorney General, James P. Googe, Jr., Executive Assistant Attorney General, H. Perry Michael, First Assistant Attorney General, Stephanie B. Manis, Senior Assistant Attorney General, Mark H. Cohen, Bryndis R. Jenkins, Assistant Attorneys General, H. Jeff Lanier, Staff Assistant Attorney General*, for appellee.