69184, 69185. THE STATE v. MARTIN (two cases).

(326 SE2d 558)

BENHAM, Judge.

On September 16, 1982, appellees were tried by a jury and convicted of shoplifting and obstruction of an officer in Laurens County. This court reversed the shoplifting convictions since the accusations did not allege a crime, and reversed the obstruction convictions because of a juror's false silence. *Martin v. State*, 168 Ga. App. 623 (309 SE2d 899) (1983). Appellant amended the shoplifting counts of the accusations in order to allege a crime and sought to retry appellees for shoplifting and obstruction of an officer. Appellees filed a plea of former jeopardy, which the trial court granted, finding, inter alia, that jeopardy attached when appellees' trial jury was sworn on September 16, 1982, and that the second prosecution for shoplifting is barred by OCGA § 16-1-8 (b) (1). Appellant enumerates as error the grant of the plea of former jeopardy. We affirm.

The United States and Georgia Constitutions proscribe a defendant's being twice placed in jeopardy for the same offense. United States Constitution, Fifth Amendment; Georgia Constitution, Art. I, Sec. I, Par. XVIII. OCGA §§ 16-1-6, 16-1-7, and 16-1-8 extend the proscription of double jeopardy beyond those constitutional limits by placing limitations upon multiple prosecutions, convictions and pun-

ishments for the same criminal conduct. *Stone v. State*, 166 Ga. App. 245 (1) (304 SE2d 94) (1983).

OCGA § 16-1-7 (b) requires that all crimes arising from the same conduct and known to the proper prosecuting officer at the time of commencing prosecution and within the jurisdiction of a single court must be prosecuted together. OCGA § 16-1-8 (b) bars a subsequent prosecution for the same or a different crime if such former prosecution resulted in either a conviction or acquittal and "is for a crime with which the accused should have been charged on the former prosecution . . ." *McCannon v. State*, 252 Ga. 515, 517 (315 SE2d 413) (1984).

Appellant argues that since the previous convictions for shoplifting were void because the act with which appellees were charged was not a crime (see *Martin*, supra, Division 1), jeopardy did not attach. We disagree. " 'A defendant is placed in [constitutional] jeopardy when, in a court of competent jurisdiction with a sufficient indictment, he has been arraigned, has pled and a jury has been impaneled and sworn.' [Cits.]" *Turner v. State*, 152 Ga. App. 354, 355 (262 SE2d 618) (1979). Constitutional jeopardy did not attach as to the shoplifting charges, because the accusations were void. However, the record indicates that constitutional jeopardy did attach at the first trial as to the obstruction counts since the *Turner* criteria were met. Since the State proceeded with the prosecution of the obstruction offenses, it is barred from retrial on the shoplifting charges by virtue of the doctrine of procedural double jeopardy, which is subsumed under the rubric of OCGA § 16-1-7. *State v. Stowe*, 167 Ga. App. 65 (2) (306 SE2d 663) (1983). OCGA § 16-1-7 "protects a defendant from multiple prosecutions arising from the same conduct in situations where constitutional double jeopardy would not be a defense." *McCannon*, supra at 516-517.

The burden was on appellant to properly draw the shoplifting accusations and prosecute them simultaneously with the obstruction cases. OCGA § 16-1-7 (b). "Clearly, both crimes were known to the district attorney at the time of the first prosecution. They were within the jurisdiction of a single court. They arose out of the same conduct or transaction. Thus, they come within the provisions of OCGA § 16-1-7 (b). Further, the second prosecution is barred by OCGA § 16-1-8 (b) (1) . . . . The second prosecution is for [a crime] which should have been brought in the first prosecution because OCGA § 16-1-7 (b) requires it." *McCannon*, supra at 518.

*Judgment affirmed. Banke, C. J., and Pope, J., concur.*

DECIDED JANUARY 29, 1985.

*Beverly B. Hayes, District Attorney, William T. McBroom III,*

*Assistant District Attorney*, for appellant.

*Richard T. Taylor, Samuel A. Hilburn, Karl M. Rice, Michael Bankston*, for appellees.