## 70520. COCHRAN v. THE STATE.
(335 SE2d 165)

CARLEY, Judge.

On April 4, 1984, accusations were filed in the Superior Court of Paulding County, charging appellant and four others with three misdemeanor offenses, to wit: hunting at night; hunting from a motor vehicle; and obstruction of an officer. The case came on for trial and both the State and the defense announced ready to proceed. However, before a jury was impaneled and sworn, a lunch recess was called. After the recess, the State requested a continuance on the ground that it wished to seek an indictment of appellant for a felony charge of unlawful possession of a firearm, which felony charge arose out of

the same conduct as the misdemeanor offenses. The trial court granted the State a continuance. On October 2, 1984, a four-count indictment was returned against appellant. The four counts consisted of the three previous misdemeanor offenses and, in addition, an allegation that appellant had possessed a sawed-off rifle in violation of OCGA § 16-11-122.

Appellant filed a plea in bar as to this indictment, invoking the provisions of OCGA § 16-1-7 (b): "If . . . several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution. . . ." It was appellant's contention that the felony offense was "known to the proper prosecuting officer" at the time the three-count accusation had been filed and when the State announced ready to proceed to trial thereon. Thus, according to appellant, his prosecution on the indictment was barred and all charges against him should be dismissed. The trial court denied appellant's plea in bar, but certified its order for immediate review. Appellant's application to this court for an interlocutory appeal was granted. But see *Patterson v. State*, 248 Ga. 875 (287 SE2d 7) (1982) with regard to direct appealability of the type of order involved in this case.

OCGA § 16-1-8 (b) (1) provides, in material part: "A prosecution is barred if the accused was formerly prosecuted for a different crime or for the same crime based upon different facts, if such former prosecution: Resulted in either *a conviction or an acquittal* and the subsequent prosecution . . . is for a crime with which the accused should have been charged on the former prosecution. . . ." (Emphasis supplied.) Appellant does not stand formerly convicted or acquitted of the three misdemeanors which formed the basis of the original accusation. If OCGA § 16-1-8 (b) (1) were the sole enforcement provision available to one who, like appellant in the instant case, asserts a violation of OCGA § 16-1-7 (b), it would not have been error to deny the plea in bar and no further discussion would be necessary. However, OCGA § 16-1-7 (b) has been construed as establishing a prosecutorial bar which is broader than the literal provisions of OCGA § 16-1-8 (b) (1). See *Curry v. State*, 248 Ga. 183, 184 (2) (281 SE2d 604) (1981) (subsequent prosecution which included additional offenses barred by OCGA § 16-1-7 (b) even though prior prosecution ended in hung jury rather than in conviction or acquittal). Under this analysis, the absence of a prior conviction or acquittal on the accusation is not dispositive as to appellant's rights under OCGA § 16-1-7 (b).

However, even under the interpretation of OCGA § 16-1-7 (b) as a statutory provision which has potentially broader applicability than OCGA § 16-1-8 (b), more is required to demonstrate that applicability than a mere previous accusation or indictment which named the de-

fendant. By its terms, OCGA § 16-1-7 (b) provides that, under specified circumstances, several crimes "must be *prosecuted* in a single *prosecution. . . .*" (Emphasis supplied.) OCGA § 16-1-7 (b) "goes beyond constitutional double jeopardy to afford protection from *repeated prosecutions, . . .* '. . . when the defense of double jeopardy is not available and yet the accused should not be worn down. . . .'" (Emphasis supplied.) *McCannon v. State*, 252 Ga. 515, 519 (315 SE2d 413) (1984). Accordingly, regardless of the existence of a prior conviction or acquittal (*Curry v. State*, supra), OCGA § 16-1-7 (b) presupposes that the defendant has been subjected to a previous prosecution. *McCannon v. State*, supra. A "prosecution" encompasses more than the mere return of an indictment or the filing of an accusation. See OCGA § 16-1-3 (14). For purposes of OCGA § 16-1-7 (b), as well as OCGA § 16-1-8, a defendant has been prosecuted on an indictment or accusation "only after [he] has been initially placed in jeopardy. 'A defendant is placed in jeopardy when, in a court of competent jurisdiction with a sufficient indictment [or accusation], he has been arraigned, has pled *and* a jury has been impaneled and sworn.' [Cit.]" (Emphasis supplied.) *Caldwell v. State*, 171 Ga. App. 680-681 (320 SE2d 888) (1984).

A jury was never impaneled and sworn to hear the trial of appellant on the original accusation. Appellant was thus never "placed in jeopardy" as to those three misdemeanor offenses. Consequently, he is not facing a "repeated prosecution" simply because he is now to be tried on the subsequent indictment. Compare *McCannon v. State*, supra (nolo contendere plea entered and sentence pronounced as to one prosecution initiated by accusation *before* being tried on indictment); *State v. McCrary*, 253 Ga. 747 (325 SE2d 151) (1985) (guilty pleas entered in probate court prosecution *prior* to indictment for offense triable in superior court). OCGA § 16-1-7 (b) is a bar to multiple prosecutions, and does not forbid multiple accusations or multiple indictments. The State in the instant case has successfully avoided the attachment of that bar by securing the indictment of appellant for four crimes before he was put in jeopardy as to the accusation which charged him with three.

This holding is not inconsistent with the interpretation of OCGA § 16-1-7 (b) as going "beyond constitutional double jeopardy." *McCannon v. State*, supra. If and when appellant is placed in jeopardy as to either the indictment or the accusation, he cannot subsequently be *prosecuted* for any *other* crimes known to the prosecutor, arising out of the incident at issue, and triable before the Superior Court of Paulding County. Appellant will thus be afforded the full benefit of OCGA § 16-1-7 (b), which is protection from multiple prosecutions, even including a subsequent prosecution for such *different* crimes as arose from the same conduct. "The United States and Georgia Con-

stitutions proscribe a defendant's being twice placed in jeopardy for the *same offense*. [Cit.] OCGA [§] . . . 16-1-7 . . . extend[s] the proscription of double jeopardy beyond those constitutional limits by placing limitations upon *multiple prosecutions . . .* for the *same criminal conduct.* [Cit.]" (Emphasis supplied.) *State v. Martin,* 173 Ga. App. 370, 371 (326 SE2d 558) (1985).

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 17, 1985.

*James R. Osborne,* for appellant.
*William A. Foster III, District Attorney,* for appellee.