## 70878. GECKLES v. THE STATE.
(338 SE2d 473)

POPE, Judge.

Carl Geckles brings this appeal from his convictions of rape and aggravated sodomy. *Held*:

1. On July 12, 1984 appellant was charged in Floyd County Supe-

rior Court Indictment No. 23163 with the crimes of incest and sodomy. These crimes were alleged to have been perpetrated upon the same victim (S. M. B.) on March 17, 1984. On November 16, 1984 the trial court granted appellant's motion to dismiss the incest count of the indictment. The trial court determined after a hearing on the matter that appellant was not related to the victim by blood or marriage as required by OCGA § 16-6-22 (a). Apparently no prosecution of the sodomy charge in Indictment No. 23163 has occurred. On November 8, 1984 appellant was charged in Indictment No. 23738 with the crimes of rape and aggravated sodomy. These crimes were also alleged to have been perpetrated upon the same victim, S. M. B., but on February 7, 1984. Appellant's convictions in this case are founded upon this latter indictment. Based upon these facts, appellant first enumerates as error the trial court's denial of his plea in bar and subsequent motion in arrest of judgment.

(a) Relying on OCGA § 16-1-7 and *McCannon v. State*, 252 Ga. 515 (315 SE2d 413) (1984), appellant first argues that his prosecution under Indictment No. 23738 was barred as a multiple prosecution of the same transaction. Assuming arguendo that both indictments concerned the same conduct, appellant's assertion "has never been the law of this state; rather, the prohibition is that a defendant can be convicted on only one of the multiple pending [indictments]. The remaining [indictment is] dismissed following trial on one of the cases on the merits. [Cits.]" *State v. Cooperman*, 147 Ga. App. 556, 557 (249 SE2d 358) (1978). "In a criminal proceeding the pendency of a former indictment for the same offense is no ground for a plea in abatement or in bar, although the accused may have been arraigned thereon and have filed a plea. [Cits.] Where several indictments for the same offense are pending against the same person, it is immaterial upon which he is first tried. Whenever he has been acquitted or convicted upon any one of them, he can plead such acquittal or conviction in bar of a prosecution of any of the others." *Irwin v. State*, 117 Ga. 706 (45 SE 48) (1903). See also *State v. Hooper*, 132 Ga. App. 413, 415 (208 SE2d 161) (1974). Neither OCGA § 16-1-7 nor the holding in *McCannon v. State*, supra, require reversal of appellant's convictions under the facts in this case.

(b) Appellant also argues that under OCGA § 16-1-8 his "acquittal" of the incest charge in Indictment No. 23163 barred his subsequent prosecution for rape in Indictment No. 23738. Again assuming arguendo that both indictments concerned the same conduct, this assertion has no merit. "Although 'questions of double jeopardy in Georgia must now be determined under the expanded statutory proscriptions (set forth in OCGA §§ 16-1-6, 16-1-7, and 16-1-8 [cits.]),' *State v. Estevez*, 232 Ga. 316, 317 (206 SE2d 475) (1974), the statutory provisions are triggered only after a defendant has been initially

placed in jeopardy. 'A defendant is placed in jeopardy when, in a court of competent jurisdiction with a sufficient indictment, he has been arraigned, has pled and a jury has been impaneled and sworn.' *Shaw v. State*, 239 Ga. 690, 692 (238 SE2d 434) (1977)." *Caldwell v. State*, 171 Ga. App. 680 (320 SE2d 888) (1984). Since appellant had not been placed in jeopardy under Indictment No. 23163, the provisions of OCGA § 16-1-8 did not attach to the dismissal of the incest count of that indictment.

2. Appellant's second enumeration cites as error the trial court's denial of his motion for mistrial or continuance. Appellant's motion came during the State's opening statement to the jury wherein the State proposed to establish the date of the offenses charged in the indictment (No. 23738) as March 17, 1984 rather than the date actually alleged in the indictment, February 7, 1984. Appellant asserted that he intended to rely upon the defense of alibi, and that the proposed variance in date deprived him of his sole defense. The trial court asked appellant's counsel what showing he had for a continuance and how much time he needed, to which counsel responded: "I don't move for a continuance, Your Honor; at this time, I move for a mistrial. If we're going to have to continue it, we'd go ahead and . . . try it, but we would insist that the . . . only date that can . . . be proven as the date of the commission of the offense would be February 7, 1984. If the Court overrules that, I move for a mistrial." The trial court refused to limit the State to proving the date alleged in the indictment, but offered to consider a request for a continuance if counsel believed that there was a possibility he could establish an alibi for the other date and if counsel would state in his place that he had been misled by the subject variance. After conferring with appellant, counsel requested 60 days, due primarily to other pending trial appearances. Counsel stated in his place that appellant would be denied effective assistance of counsel if he did not have at least 60 days. Upon further inquiry by the court, counsel admitted that he was appointed to this case in June 1984 (trial began on January 30, 1985), that he had prepared pretrial motions and attended hearings as to Indictment No. 23163 (which alleged the date of the crimes to be March 17, 1984 and which appellant alleges to be the same conduct charged in Indictment No. 23738), and that he had filed a demand for trial upon said earlier indictment.

The rule in this state is that "the [S]tate may prove any date within the period of limitations as held in the general time-variance cases . . .; but if defendant, relying upon an alibi defense for the time alleged in the indictment, is surprised and prejudiced by a time variance, upon his motion therefor he will be afforded sufficient time to prepare his defense to meet the new date." *Caldwell v. State*, 139 Ga. App. 279, 287 (228 SE2d 219) (1976). "All applications for continu-

ances are addressed to the sound legal discretion of the court and, if not expressly provided for, shall be granted or refused as the ends of justice may require. In all cases the presiding judges may, in their discretion, admit a counter-showing to a motion for continuance and, after a hearing, may decide whether the motion shall prevail." OCGA § 17-8-22. "[B]road discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel. [Cit.]" *Morris v. Slappy*, 461 U. S. 1, 11-12 (103 SC 1610, 75 LE2d 610) (1983); *Hall v. State*, 22 Ga. App. 112 (1c) (95 SE 936) (1918).

"There is no fixed rule as to the number of days that should, of right, be allowed counsel for a defendant after his employment or appointment in a criminal case to prepare the case for trial, but the trial judge, in the exercise of his discretion to grant or refuse a continuance, has to consider the facts and circumstances of each case to determine what the ends of justice require. A statement by counsel for the defendant that he has not had sufficient time to investigate and prepare the defense is a mere conclusion. 'Questions of this nature must of necessity be entrusted to the discretion of the trial judge.' [Cit.]" *Foster v. State*, 213 Ga. 601, 603 (100 SE2d 426) (1957). No showing has been made on appeal as to how any additional time would have benefited appellant or how the lack of time harmed him. See *Davis v. State*, 240 Ga. 763 (1) (243 SE2d 12) (1978). In the absence of any showing of harm and "[c]onsidering both the length of time prior to trial that the appellant's . . . counsel had been appointed to represent him, as well as the amount of time in which counsel had an opportunity to consult with the appellant, we cannot say that the court's denial of the motion for a continuance was an abuse of discretion. [Cits.]" *Campbell v. State*, 240 Ga. 352, 356 (240 SE2d 828) (1977), cert. den., 439 U. S. 882 (1978). Accord *Edgehill v. State*, 253 Ga. 343 (3) (320 SE2d 176) (1984); *Mann v. State*, 167 Ga. App. 829 (1) (308 SE2d 12) (1983). See also *Cherry v. State*, 159 Ga. App. 75 (1) (282 SE2d 717) (1981).

3. In his third enumeration of error appellant utilizes a blunderbuss or shotgun technique to challenge several adverse rulings of the trial court which permitted certain witnesses to give testimony which was purportedly irrelevant, illegally prejudicial and/or hearsay. This technique is not in compliance with the mandate of OCGA § 5-6-40 which requires "an enumeration of the errors which shall set out separately each error relied upon." Compare *Mull v. Emory Univ.*, 114 Ga. App. 63 (2) (150 SE2d 276) (1966). Nevertheless, our review of the transcript in this regard discloses no error for any reason assigned by appellant in this enumeration. In particular, testimony regarding a knife and appellant's alleged assault with said knife upon the victim's

mother was relevant as tending to explain why the victim feared appellant and to establish that any "consent" on the part of the victim to the sexual acts charged in the indictment was induced by fear. See generally *Derr v. State*, 239 Ga. 582 (1) (238 SE2d 355) (1977). Therefore, the admission of this testimony was not violative of the holding in *Momon v. State*, 249 Ga. 865 (294 SE2d 482) (1982).

4. (a) Appellant's fourth enumeration cites as error the trial court's alleged failure to conduct an in camera inspection of the victim's pretrial statements. At the pretrial hearing conducted pursuant to appellant's request for exculpatory material pursuant to *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963), the State asserted that the victim's statements contained nothing exculpatory. The trial court nonetheless requested a copy of the statements at the time the victim testified at trial so that the court could disclose to appellant anything found exculpatory therein. Appellant asserts that the trial court did not enforce this ruling, yet cites us to no portion of the record in support of this assertion. Since our review of the record also discloses no support for this assertion, we will presume that the trial court properly conducted itself in this regard. See generally OCGA § 24-4-24 (b) (2).

(b) This enumeration (again in violation of OCGA § 5-6-40) also cites as error the trial court's alleged refusal to conduct a post-trial review of the subject statements and in not ordering copies of same for inclusion in the record on appeal. However, in light of our above holding, this issue is moot. In any event, since appellant on appeal points to nothing materially exculpatory which was suppressed, this enumeration of error presents no ground for reversal. See *Spain v. State*, 243 Ga. 15 (2) (252 SE2d 436) (1979); *Gross v. State*, 161 Ga. App. 489 (2) (288 SE2d 733) (1982); *Clayton v. State*, 145 Ga. App. 541 (2) (244 SE2d 67) (1978). Finally, we find no basis in law or practice in support of appellant's bald assertion that the pretrial statements of a prosecuting witness are always discoverable.

5. We find nothing in the State's closing argument to the jury which amounted to an improper comment on appellant's right not to incriminate himself. See generally *Ranger v. State*, 249 Ga. 315 (3) (290 SE2d 63) (1982). In any event, appellant's failure to raise any objection in this regard at trial presents no ground for reversal on appeal. See *Cochran v. State*, 213 Ga. 706 (2) (100 SE2d 919) (1957); *Culpepper v. State*, 132 Ga. App. 733 (5) (209 SE2d 18) (1974).

6. We find no merit in appellant's final enumeration of error challenging the denial of his motion for directed verdict of acquittal. Reviewing the evidence in the light most favorable to the State, we find that any rational trier of fact could have found the essential elements of the crimes charged beyond a reasonable doubt. See generally *Humphrey v. State*, 252 Ga. 525 (1) (314 SE2d 436) (1984).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 12, 1985 —
REHEARING DENIED NOVEMBER 27, 1985 — 

*Barry V. Smith,* for appellant.
*Stephen F. Lanier, District Attorney, Deborah D. Haygood, Assistant District Attorney,* for appellee.