### 75434. THE STATE v. SMITH.
(365 SE2d 846)

BIRDSONG, Chief Judge.

This is an appeal from an order of the state court granting defendant/appellee's plea in bar on the grounds of procedural double jeopardy.

Appellee was charged by a four-count accusation with driving under the influence of alcohol; driving with 0.12 percent or more by weight of alcohol in the blood; leaving the scene of an accident; and, driving left of center. He was arraigned on all four charges, entered a not guilty plea, and requested a bench trial. At trial, following a discussion between the assistant solicitor and appellee's counsel, an announcement was made by the assistant solicitor that appellee would withdraw her previously entered plea of not guilty and enter a plea of guilty to the second count of DUI by driving with 0.12 percent or more by weight of alcohol in the blood and to the fourth count of driving to the left of center. The appellee entered provident pleas to these two counts which the trial judge accepted. Contemporaneously, the assistant solicitor, apparently of his own motion, either elected to or moved to dismiss the charge of leaving the scene of the accident. The trial judge *pro hac vice* accepted the assistant solicitor's election or motion to dismiss, and thereafter made an express finding of fact to that effect in his order granting appellee's plea in bar. It appears

from the transcript that the assistant solicitor was not accurately following the instructions of the solicitor in causing the count of leaving the scene to be dismissed. The solicitor, thereafter, wrote a letter to appellee's counsel indicating that confusion apparently existed in the case and rescheduling the leaving the scene charge for a bench trial one week later. Appellee's plea in bar on the grounds of procedural double jeopardy (OCGA §§ 16-1-7 and 16-1-8) was granted.

Appellant asserts, as the sole enumerated error, that the court erred in granting the plea in bar as appellee was not subject to successive prosecutions within the meaning of OCGA §§ 16-1-7 (b) and 16-1-8 (b). Appellant claims that Count 3, leaving the scene, was not dismissed by the court and therefore the subsequent prosecution of appellee for this charge was authorized by law.

In the instant case, the trial judge in his written order granting appellee's plea in bar made detailed findings of fact. His order included the following pertinent findings, that: (a) all offenses arose out of the same conduct; (b) the assistant solicitor was aware of the offenses charged at the time the case was called to trial; (c) after the appellee/defendant decided to plead guilty to driving with 0.12 percent or more by weight of alcohol and driving left of center, the assistant solicitor decided to dismiss the charge of leaving the scene of the accident; (d) there was no manipulation or misuse of the (legal) system by the appellee/defendant to have the leaving the scene charge dismissed by the State; and, (e) the judge *pro hac vice* accepted the appellee/defendant's change of plea and the State's dismissal of the leaving the scene charge. We find nothing in the trial record or transcript to justify our setting aside of the trial judge's findings of fact. Further, we are satisfied that these written findings reflect that the trial judge accepted the dismissal of the leaving the scene charge, and thereby gave it the same force and effect for purposes of this case as if it had been his express ruling at trial.

OCGA § 16-1-7 (b) requires that all crimes arising from the same conduct and known to the proper prosecuting officer at the time of commencing prosecution and with the jurisdiction of a single court must be prosecuted together. OCGA § 16-1-8 (b) bars a subsequent prosecution for a different crime if such former prosecution resulted in either a conviction or acquittal and, among other alternative requirements, is for a crime with which the accused should have been charged on the former prosecution. See generally *McCannon v. State*, 252 Ga. 515 (315 SE2d 413); *Baker v. State*, 257 Ga. 567 (361 SE2d 808) (OCGA § 16-1-7 applies only to such crimes which are *actually* known to the prosecuting officer *actually* handling the proceedings).

The facts of this case closely resemble those of *McCrary v. State*, 171 Ga. App. 585 (320 SE2d 567), affirmed *sub nom. State v. McCrary*, 253 Ga. 747 (325 SE2d 151), except that in *McCrary* not only

did the trial judge accept the defendant's plea of guilty but he imposed sentence as well. In the case at bar, the trial judge accepted the appellee/defendant's guilty plea to two of the four counts, stated that he was ordering a preliminary sentence investigation, but apparently has not rendered a written judgment in this case and has not sentenced appellee/defendant. However, there can be no doubt that appellee/defendant has been duly convicted of the two offenses to which he pled guilty, as the acceptance of his guilty plea in a bench trial was an act tantamount to conviction. Further, any question in this regard is settled by the trial judge's announcement that he was ordering a preliminary sentence investigation, as at this point in time the trial clearly had entered into the sentencing phase.

To constitute a "previous prosecution" within the meaning of OCGA §§ 16-1-7 (b) and 16-1-8 (b), the defendant previously must have been "placed in jeopardy" as to at least one of the offenses arising out of the same conduct as the offense for which the State is subsequently attempting to prosecute him. Compare *Cochran v. State*, 176 Ga. App. 58 (335 SE2d 165) with *State v. Martin*, 173 Ga. App. 370 (326 SE2d 558). As a general rule, a person is in jeopardy when he is regularly charged with a crime before a court of competent jurisdiction and a trial has commenced; and for jeopardy purposes, the commencement of a trial without a jury must be deemed the equivalent of one begun with a jury. *White v. State*, 143 Ga. App. 315 (3) (238 SE2d 247). A plea of guilty constitutes a confession of guilty in open court and a waiver of trial. *Griffin v. State*, 12 Ga. App. 615 (6) (77 SE 1080). Accordingly, a plea of guilty to an indictment or complaint with its entry on the record and acceptance by the trial judge constitutes jeopardy for purposes of OCGA §§ 16-1-7 (b) and 16-1-8 (b). See, e.g., 22 CJS, Criminal Law, § 248. The transcript of the original trial unequivocally reflects that appellee/defendant entered a plea of guilty to two counts, as above discussed, and that this plea was duly accepted. We need not, however, determine the precise point at which jeopardy attached in this case. Suffice it to say that the case has progressed to the sentencing phase, and that jeopardy has attached for purposes of determining whether a "previous prosecution" has occurred under OCGA §§ 16-1-7 (b) and 16-1-8 (b).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

## ON MOTION FOR REHEARING.

We have carefully re-examined this entire record and affirm our original decision. The trial judge's order granting appellee's plea in bar, which contains certain findings of fact and conclusions of law, speaks for itself. The trial judge is vested with broad powers in order to fulfill the duties and obligations of office. See, e.g., OCGA §§ 15-1-3

(6) and (7); 15-6-9 (8); 15-7-43. Moreover, it is presumed that a trial judge performs his official duties in a lawful manner, and not in excess of his authority. See, e.g., *Lamb v. Sims*, 153 Ga. App. 556, 557 (265 SE2d 879), cert. den. 449 U. S. 901. We find no error present in the granting of appellee's plea in bar.

*Motion for rehearing denied.*

<span style="text-align:center;">Decided January 11, 1988 —</span>
Rehearing denied February 1, 1988 — 

*Ken Stula, Solicitor, Dean C. Broome, Jr.*, for appellant.
*Foy S. Horne, Jr., Lawton E. Stephens*, for appellee.