A91A1736. TEAL v. THE STATE.
(417 SE2d 666)

SOGNIER, Chief Judge.

Nathan Teal directly appeals from the denial of his plea of double jeopardy. See *Patterson v. State*, 248 Ga. 875 (287 SE2d 7) (1982).

The two indictments at issue arose out of disputes between appellant and his former wife, Elsie Teal, concerning his visitation rights and child support obligations. On February 27, 1990, appellant was indicted for child abandonment; trespass at Ms. Teal's home on September 24, 1988; simple battery of his son; possession of a firearm by a convicted felon; and battery of police officer Rob Whaley. The latter three offenses alleged in the indictment arose on December 10, 1989, when Ms. Teal called police for assistance because she thought appellant was trying to break into her home, and police officers arrived and arrested appellant. When the case was called for trial on February 27, 1991, the prosecutor dismissed the charge of battery against the son, and the parties and the court agreed to sever the

firearm possession and abandonment charges. Appellant next entered a guilty plea to the abandonment charge, and the State then called the trespass charge for trial. The jury found appellant guilty of trespass, and a judgment was entered but appellant was not sentenced. The State contends in its brief that the charge of battery against Officer Whaley also was severed from the other charges, while appellant maintains evidence was presented to the jury on the battery charge but no verdict was rendered.

On March 3, 1991, four days after the verdict was rendered on the trespass charge, a second indictment was returned against appellant for offenses alleged to have arisen during or shortly after the same December 1989 altercation as the latter three counts of the 1990 indictment. Appellant was charged with a felony count of obstructing Officer Whaley and resisting arrest; possession of a firearm by a convicted felon; three counts of trespass at Ms. Teal's home; and being a recidivist. Appellant filed a plea of double jeopardy based on the 1990 indictment and ensuing trial. The trial court rejected his plea, but did hold that the plea as to the trespass counts was not frivolous and that appellant could proceed with an appeal. The State subsequently severed the obstruction charge, and appellant was tried and convicted on the firearm possession charge in the 1991 indictment and sentenced as a recidivist.

Appellant contends any trial on the 1991 indictment was barred by the substantive aspect of the double jeopardy rule because the evidence needed to prove the offenses charged in the 1991 indictment was used up in the proof of the first trespass charge and by the procedural aspect of double jeopardy in that the offenses charged in the 1991 indictment arose out of the same conduct and were known to the prosecutor at the time of the first prosecution.

1. The substantive aspect of double jeopardy precludes multiple convictions or punishments for crimes arising from the same criminal conduct. *State v. Estevez*, 232 Ga. 316, 317 (1) (206 .SE2d 475) (1974). This limitation, which is codified at OCGA § 16-1-7 (a), precludes conviction or punishment for more than one crime if one is included in the other as a matter of law or fact. *Estevez*, supra at 319-320; see OCGA § 16-1-6. Here, although evidence relating to the charges in the 1991 indictment was adduced during the trial on the trespass charge in the 1990 indictment, none of that evidence was actually used up in the proof of that charge because it involved an incident in September 1988 rather than the December 1989 altercation. Thus, the charges in the 1991 indictment were not included in the 1988 trespass charge for which appellant was convicted as a matter of fact. See *Talley v. State*, 164 Ga. App. 150, 153 (7) (296 SE2d 173) (1982); compare *Estevez*, supra at 320 (1). Nor was any offense in the 1991 indictment included in the 1988 trespass charge, the crime actually prosecuted in

the 1990 indictment as a matter of law, for each of the charges in the 1991 indictment involved a crime and public interest separate from the 1988 trespass. See id. Accordingly, we find appellant's claim of substantive double jeopardy to be without merit.

2. The procedural aspect of the double jeopardy rule prohibits multiple prosecutions arising from the same conduct. Id. at 317 (1); see OCGA §§ 16-1-7 (b); 16-1-8 (b); see also *McCannon v. State*, 252 Ga. 515 (315 SE2d 413) (1984). The statutory provisions at issue here are OCGA § 16-1-7 (b), which provides that "[i]f the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution [unless the trial court grants a severance pursuant to subsection (c)]," and OCGA § 16-1-8 (b), the applicable portion of which states that "[a] prosecution is barred if the accused was formerly prosecuted for a different crime . . . if such former prosecution: (1) [r]esulted in either a conviction or an acquittal and the subsequent prosecution is for a crime of which the accused could have been convicted on the former prosecution, [or] is for a crime with which the accused should have been charged on the former prosecution (unless the court ordered a separate trial of such charge)." See *McCannon*, supra at 517, n. 3. A crime "should have been charged" within the meaning of OCGA § 16-1-8 (b) (1) if it falls within the scope of OCGA § 16-1-7 (b). *McCannon*, supra at 517-518. These statutory limitations are triggered only after a defendant has been placed in jeopardy — i.e., when a defendant, "in a court of competent jurisdiction with a sufficient indictment, . . . has been arraigned, has pled and a jury has been impaneled and sworn." (Punctuation and citations omitted.) *Geckles v. State*, 177 Ga. App. 70, 71-72 (1) (b) (338 SE2d 473) (1985).

In the case at bar, it is undisputed that the crimes charged in the 1991 indictment were known to the prosecutor at the time the first prosecution was commenced. Indeed, at the hearing on appellant's plea of double jeopardy, the prosecutor acknowledged that her goal had been to ensure that appellant was incarcerated so that he could not harass Ms. Teal, and that she (the prosecutor) had held off on indicting appellant on additional charges until she learned what sentence he received on the charges in the first indictment. In addition, all the offenses charged in both indictments fell within the jurisdiction of a single court. Thus, the remaining questions are whether the various charges in the 1991 indictment arose from the same conduct or transaction as the charges in the 1990 indictment so that the 1991 charges "should have been charged" in the 1990 indictment, and if so, whether appellant was placed in jeopardy as to the 1990 charges.

The evidence adduced at the trial of the trespass charge in the

1990 indictment established that after appellant trespassed at Ms. Teal's home in September 1988, a warrant was issued for his arrest. On the morning of December 10, 1989, Ms. Teal telephoned police because she heard appellant attempting to break into her house. Officer Whaley responded to her call, found appellant at the scene in possession of a shotgun, and arrested him on the 1988 warrant. Officer Whaley took appellant to jail, and as he was moving appellant into a cell, appellant became belligerent and kicked him.

(a) The firearm possession charges in each indictment were identical. There is no double jeopardy bar, however, for the charge was severed from the trial of the 1990 indictment, see OCGA § 16-1-7 (b), (c), and thus appellant was not placed in jeopardy as to that charge. The pendency of a former indictment for the same offense does not provide a ground for a plea of double jeopardy because even if an accused has been arraigned and has entered a plea, the accused is not placed in jeopardy until a jury is impanelled and sworn. *Geckles*, supra at 71 (1) (a). Consequently, the subsequent trial on the firearm possession charge in the 1991 indictment did not subject appellant to repeated prosecution. See *Cochran v. State*, 176 Ga. App. 58, 60 (335 SE2d 165) (1985).

(b) We do not agree with appellant that the 1991 trespass charges arose from the same conduct as the 1990 battery charge. Although they occurred on the same day, the battery charge was based on events that occurred after the alleged trespass was completed and took place at a later time and a different location. *Boyette v. State*, 172 Ga. App. 683, 684 (1) (324 SE2d 540) (1984). Evidence of the battery could be presented without presenting evidence of the trespass and vice versa. Id. Accordingly, regardless of the disposition of the 1990 battery charge, appellant was not twice placed in jeopardy as to the trespass charges. See *Harrell v. State*, 196 Ga. App. 101-102, 103 (2) (395 SE2d 598) (1990).

(c) The 1990 battery charge and the 1991 obstruction and resisting arrest charge, however, did arise from the same incident — i.e., appellant's behavior toward Officer Whaley after his arrest. Although they are separate and distinct offenses, they arose out of the same continuous course of conduct, and thus were part of the same transaction. See *McCrary v. State*, 171 Ga. App. 585, 587 (320 SE2d 567) (1984), aff'd, 253 Ga. 747 (325 SE2d 151) (1985). Consequently, we must determine whether appellant was placed in jeopardy as to the 1990 battery charge.

Appellant and the State disagree about the disposition of the battery charge during the trial of the 1990 indictment. The State contends the charge was severed from the prosecution of the 1990 indictment at appellant's request and thus no jury was impanelled and sworn to hear the charge. Conversely, appellant contends the State's

case on the charge was presented to the jury but for some reason no verdict was rendered.

Our careful review of the trial transcript reveals that after extensive discussion, a severance was agreed upon only as to the firearm possession and abandonment charges, and the parties agreed the trespass and battery charges would be tried together. After this discussion concluded, the State called the abandonment charge for trial and appellant entered a plea. Despite the earlier agreement, the prosecutor then called the criminal trespass charge only and a jury was selected and sworn. The State was allowed to present evidence concerning appellant's behavior toward Officer Whaley as evidence of the facts and circumstances surrounding the arrest over appellant's objections that such evidence was not relevant to the trespass charge.

We conclude that although the 1990 battery charge was not severed, neither was it tried before a jury. The transcript clearly shows that the State called and presented its case on the trespass charge only. Appellant's contention that evidence was presented on the battery charge but no verdict was reached is not supported by the record, as appellant's colloquies with the court concerning his objection to the admission of evidence regarding his behavior after the arrest show that he understood only the trespass charge was being tried before the jury. See *Waters v. State*, 177 Ga. App. 374, 376 (1) (339 SE2d 608) (1985). Even if the State failed to call the battery case out of confusion over which charges had been severed, appellant nonetheless was not placed in jeopardy because no jury was sworn to hear the charge and no final disposition of the charge was made. Accord *Geckles*, supra at 70-71 (1) (a) (defendant not placed in jeopardy where prior indictment on same offense "[a]pparently" was not tried); *Buford v. State*, 162 Ga. App. 498, 500 (6) (291 SE2d 256) (1982) (no double jeopardy bar where first trial on charge ended in mistrial and charge was not called in subsequent trial on other charges). Compare *Wilson v. State*, 167 Ga. App. 421 (306 SE2d 704) (1983) (inadvertent entry of final order did place defendant in jeopardy because the order declared a "final disposition" of the case). Since appellant was not placed in former jeopardy as to the same conduct made the basis for the 1991 obstruction and resisting arrest charges, his plea in bar properly was denied.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

Decided March 4, 1992 —
Reconsideration denied March 19, 1992 — 

*Alden W. Snead, J. M. Raffauf*, for appellant.
*David McDade, District Attorney, Lois W. Gerstenberger, Assis-*

*tant District Attorney*, for appellee.