**FOURTH DIVISION**
**DILLARD, P. J.,**
**RICKMAN and BROWN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**June 26, 2020**

# In the Court of Appeals of Georgia

A20A0050. THE STATE v. ADAMS.

RICKMAN, Judge.

The question presented in this case is whether OCGA § 16-1-8 (c), Georgia's statutory law governing successive prosecutions for crimes that violate both state and federal law, prohibits the State of Georgia from prosecuting Samuel Carlton Adams for trafficking methamphetamine after Adams, who was also indicted in federal court on crimes stemming from the same set of facts, reached a plea agreement in federal court pursuant to which he pled guilty to a weapons charge in exchange for the dismissal of the drug charges pending against him. We conclude that it does not. Accordingly, we reverse the trial court's order granting his plea in bar on the charge of trafficking methamphetamine. In so doing, we take the time to clarify our case law and to disapprove of the holding in *State v. Smith*, 185 Ga. App. 694 (365 SE2d 846)

(1988), upon which the trial court relied, and similar cases that unnecessarily conflate the constitutional protection of double jeopardy with the statutory protections against successive prosecution offered by OCGA § 16-1-8.[1]

The evidence in this case is uncontroverted and witness credibility is not an issue; accordingly, we review de novo the trial court's application of the law to the facts when it granted the plea in bar pursuant to OCGA § 16-1-8 (c). See *State v. Pruiett*, 324 Ga. App. 789, 790 (751 SE2d 579) (2013).

The procedural history is as follows. In August 2017, Adams was arrested and subsequently indicted in the Athens-Clarke County Superior Court on, among other things, one count of trafficking of methamphetamine (more than 400 grams)[2] (the "State Case"). Adams pled not guilty and the State Case was placed on the December 2018 jury calendar.

---

[1] We have circulated this decision among all nondisqualified judges of the Court to consider whether this case should be passed upon by all members of the Court. Fewer than the required number of judges, however, voted in favor of a hearing en banc on the question of overruling *State v. Smith*, 185 Ga. App. 694 (365 SE2d 846) (1988), as well as *Smith's* progeny and the cases that have relied on *Smith* as set forth in Footnote 11 of this opinion.

[2] See OCGA § 16-13-31 (e) (3).

Meanwhile, in March 2018, based on the same conduct underlying the state charges, Adams was indicted in the United States District Court for the Middle District of Georgia on, among other things, one count of possession with intent to distribute methamphetamine[3] and possession of a firearm by a convicted felon[4] (the "Federal Case").

In November 2018, Adams pled guilty in the Federal Case to one count of possession of a firearm by a convicted felon. The plea was given "in full satisfaction of all possible federal criminal charges, known to the United States Attorney at the time of [Adams's] guilty plea," and the remaining charges, including the charge of possession with intent to distribute methamphetamine, were dismissed.

Adams then filed a plea in bar in the State Case, asserting that OCGA § 16-1-8 barred the State from prosecuting him for trafficking methamphetamine because the drug charge had been dismissed by federal prosecutors in exchange for his guilty plea in the Federal Case. The trial court granted the motion after concluding that the federal prosecutor's dismissal of the drug charge in accordance with a plea agreement "acts as an acquittal and bars further prosecution under OCGA § 16-1-8 (c)."

---

[3] See 21 USC § 841 (a) (1), (b) (1) (B) (viii).

[4] See 18 USC §§ 922 (g) (1), 924 (a) (2).

3

The State appeals the trial court's grant of the plea in bar,[5] contending that the trial court erred by holding that its prosecution of Adams for trafficking methamphetamine is precluded by the statutory protections contained within OCGA § 16-1-8 (c). We agree.

Our analysis begins by recognizing that there is more than one potential bar to successive prosecutions in the State of Georgia. The first is constitutional double jeopardy. The Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." Likewise, the Georgia Constitution provides that "no person shall be put in jeopardy of life or liberty more than once for the same offense." Ga. Const.1983, Art. I, Sec. I, Par. XVIII.

States are sovereigns separate from the federal government, however, "and a state's power to undertake criminal prosecutions is derived from its own inherent sovereignty." *Calloway v. State*, 303 Ga. 48, 52 (2) (810 SE2d 105) (2018). "Under the dual sovereignty doctrine, where a single act violates the law of two sovereigns

---

[5] The State's appeal is authorized by OCGA § 5-7-1 (a) (1), (3) (permitting the State to appeal from an order "setting aside or dismissing any indictment" or "sustaining a plea or motion in bar, when the defendant has not been put in jeopardy").

(e.g., the United States and a state), an individual may be prosecuted and punished by each sovereign without violating double jeopardy." Id. No one disputes in this case that the State was not constitutionally barred under the dual sovereignty doctrine from prosecuting Adams for trafficking methamphetamine merely because the federal government elected not to do so in accordance with the terms of a plea agreement. See id.

Nevertheless, Georgia statutory law provides protection against successive prosecutions that extends beyond that of the protection offered by constitutional double jeopardy. See OCGA §§ 16-1-6, 16-1-7,[6] 16-1-8; see generally *Prater v. State*, 273 Ga. 477, 480 (4) (545 SE2d 864) (2001). Those that involve successive federal and state prosecutions are governed by OCGA § 16-1-8 (c), which provides:

> A prosecution is barred if the accused was formerly prosecuted in a district court of the United States for a crime which is within the concurrent jurisdiction of this state if such former prosecution resulted in either a conviction or an acquittal and the subsequent prosecution is for the same conduct, unless each prosecution requires proof of a fact

---

[6] Although OCGA §§ 16-1-6, 16-1-7, and 16-1-8 should be read together when considering Georgia's statutory protection against successive prosecutions, see *Prater*, 273 Ga. at 480 (4), neither OCGA § 16-1-6 or 16-1-7 are implicated by this case nor are they discussed in this opinion.

5

not required in the other prosecution or unless the crime was not consummated when the former trial began.

See also *Thorpe v. State*, 251 Ga. App. 334, 334 (553 SE2d 171) (2001). Thus, in order for subsection (c) to act as a bar to a state prosecution, three elements must be met: (1) the crime must be within the State's concurrent jurisdiction; (2) the federal prosecution must have resulted in a conviction or acquittal; and (3) the state and federal prosecutions must be for the same conduct and must not require proof of a fact not required by the other (or the state crime must not have been complete at the time of the federal trial). See *Calloway*, 303 Ga. at 52 (2).

The State concedes that the first and third statutory elements have been met. The only issue here is whether, as the trial court held, the federal government's dismissal of the drug charge resulting from the plea agreement in the Federal Case amounted to an "acquittal" of that charge within the context of subsection (c).

As always, when construing the meaning of a statute, "we must presume that the General Assembly meant what it said and said what it meant." (Citation and punctuation omitted.) *Deal v. Coleman*, 294 Ga. 170, 172 (1) (a) (751 SE2d 337) (2013). "To that end, we must afford the statutory text its plain and ordinary meaning, we must view the statutory text in the context in which it appears, and we must read

6

the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would." (Citations and punctuation omitted.) Id. at 172-73 (1) (a). "[I]f the statutory text is clear and unambiguous, we attribute to the statute its plain meaning, and our search for statutory meaning is at an end." (Citation and punctuation omitted.) Id. at 173 (1) (a).

The plain language of subsection (c) bars the State from prosecuting Adams if the drug crime in the Federal Case "resulted in either a conviction or an acquittal." It did not.

Although "acquittal" is not defined in the statute itself, its dictionary definition is "[t]he legal certification, [usually] by jury verdict, that an accused person is not guilty of the charged offense; an official statement in a court of law that a criminal defendant is not guilty." Black's Law Dictionary (11th ed. 2019). A prosecutor's agreement to dismiss a criminal charge in exchange for a guilty plea on different charge is, in essence, a contract between the defendant and the government. See generally *Syms v. State*, 331 Ga. App. 225, 227 (770 SE2d 305) (2015). But that dismissal alone in no way amounts to a legal determination of the defendant's guilt or innocence on the dismissed charge and, thus, does not amount to an "acquittal" for the purposes of OCGA § 16-1-8. Cf. *Arnold v. State*, 352 Ga. App. 777, 779-880 (835

7

S.E.2d 759) (2019) (holding that the reindictment by the State of a criminal charge that had been nolle prossed in a previous prosecution pursuant to a pretrial plea agreement did not amount to an "acquittal" so as to be barred by OCGA § 16-1-8 (b), but the subsequent prosecution was nonetheless barred by the plea agreement); see also *Sample v. State*, 232 Ga. App. 690, 692 (2) (503 SE2d 576) (1998) (recognizing that the State's consent to an order of nolle prosequi in the context of a plea agreement is not a concession that the crime was not committed).

In holding otherwise, the trial court relied on *State v. Smith*, 185 Ga. App. 694 (365 SE2d 846) (1988). *Smith* did not involve successive prosecutions by federal and state governments under subsection (c), which is the only subsection governing prosecutions by different sovereigns. See *Thorpe*, 251 Ga. App. at 334. Rather, *Smith* invoked the "rule of criminal res judicata" contained in subsection (b) (1), involving successive prosecutions by the same sovereign, i.e. the State. See *Smith*, Ga. App. at 695-696; *Drinkard v. Walker*, 281 Ga. 211, 214 (636 SE2d 530) (2006). Regardless, like subsection (c), subsection (b) (1) bars a second prosecution when, among other things, the first prosecution "[r]esulted in either a conviction or an acquittal."[7]

---

[7] In its entirety, OCGA § 16-1-8 (b) provides:

A prosecution is barred if the accused was formerly prosecuted for a

8

Because the relevant language of subsection (b) (1) mirrors that of subsection (c), and because the trial court's reliance on *Smith* was reasonable, we will take the time to address its faulty reasoning.

*Smith* involved a defendant who was charged in state court under a four count accusation related to her driving under the influence of alcohol. See *Smith*, 185 Ga. App. at 694. She entered into an agreement with an assistant solicitor pursuant to which she agreed to plead guilty to two of the charges in exchange for the State's dismissal of the other two. Id. at 694. The trial court accepted the plea and the remaining charges were dismissed. Id. Prior to sentencing, the solicitor, claiming that his assistant failed to accurately follow instructions, attempted to prosecute the

different crime or for the same crime based upon different facts, if such former prosecution:

(1) Resulted in either a conviction or an acquittal and the subsequent prosecution is for a crime of which the accused could have been convicted on the former prosecution, is for a crime with which the accused should have been charged on the former prosecution (unless the court ordered a separate trial of such charge), or is for a crime which involves the same conduct, unless each prosecution requires proof of a fact not required on the other prosecution or unless the crime was not consummated when the former trial began; or

(2) Was terminated improperly and the subsequent prosecution is for a crime of which the accused could have been convicted if the former prosecution had not been terminated improperly.

9

defendant on one of the previously dismissed charges. Id. at 694-95. In a rather inartfully worded opinion, the *Smith* Court held that subsection (b) (1) precluded the solicitor's successive prosecution, a holding that required an implicit conclusion that a dismissal of that count amounted to an "acquittal" under OCGA § 16-1-8.[8]

Applying the same rules of statutory construction to subsection (b) (1) that we applied to the same language of subsection (c) above, we overrule *Smith* to the extent that it can be read to equate the dismissal of a criminal charge pursuant to a guilty plea with an "acquittal" for the purposes of OCGA § 16-1-8 (b) (1). See *Lathrop v. Deal*, 301 Ga. 408, 442 (III) (C) (801 SE2d 867) (2017) ("[W]hen the same words are used in different parts of a single constitutional or statutory enactment, the courts generally assume – absent some clear indication otherwise – that the words are used in the same sense."); *Allen v. Donaldson*, 12 Ga. 332, 335 (1852) ("[T]he same term or phraseology occurring in the same [s]tatute, is to receive the same interpretation, unless there be something in the [statute] which renders this construction manifestly improper.").

---

[8] We note that *Smith* could have been decided using contract principles. See *Syms v. State*, 331 Ga. App. 225, 227 (770 SE2d 305) (2015) ("A plea agreement is, in essence, a contract between a defendant and the State.") (citation and punctuation omitted).

But *Smith* is problematic for another reason. By framing its holding within the context of OCGA § 16-1-8 (b) (1) and yet failing to engage in any meaningful statutory analysis, *Smith* relied on and perpetuated misguided precedent that conflates the concept of constitutional double jeopardy with the statutory protection afforded by OCGA § 16-1-8.[9] Specifically, *Smith* predicated the application of OCGA § 16-1-8 (b) on a defendant having first been "placed in jeopardy,"[10] relying on case law that injected jeopardy into the definition of "prosecuted" for the purposes of the statute. *Smith*, 185 Ga. App. at 696; see also *Cochran v. State*, 176 Ga. App. 58, 60 (335 SE2d 165) (1985) ("For purposes of . . . OCGA § 16-1-8, a defendant has been

_____

[9] Some of the confusion is likely spawned from our use of the term "procedural double jeopardy" when referring to OCGA § 16-1-8 (b) (in conjunction with OCGA § 16-1-7 (b)). See generally *Pruiett*, 324 Ga. App. at 794 (1) (b).

[10] *Smith* further held that, "a plea of guilty . . . with its entry on the record and acceptance by the trial judge constitutes jeopardy." Id. at 696. We note that if and when jeopardy attaches to a guilty plea is itself an issue of some debate. Compare generally *U.S. v. McIntosh*, 580 F3d 1222, 1227 (III) (11th Cir. 2009) ("Jeopardy normally attaches when the court unconditionally accepts a guilty plea.") (citation and punctuation omitted), with *U.S. v. Santiago Soto*, 825 F2d 616, 620 (1st. Cir. 1987) ("We hold that jeopardy did not attach when the district court accepted the guilty plea to the lesser included offense and then rejected the plea without having imposed sentence and entered judgment."). For the purpose of this appeal, however, we need to go no further than recognizing that the attachment of jeopardy plays no part in the protections offered by OCGA § 16-1-8.

prosecuted on an indictment or accusation only after he has been initially placed in jeopardy.") (citation and punctuation omitted).

But nothing in the plain language of OCGA § 16-1-8 predicates the application of its provisions on the attachment of jeopardy. Rather, pertinent to our holding, the bar is established if an accused was "formerly prosecuted" and, as previously discussed, the prosecution resulted in "either a conviction or an acquittal." See OCGA § 16-1-8 (b) (1), (c). "Prosecution" is defined as "all legal proceedings by which a person's liability for a crime is determined," and a "conviction" includes "a final judgment of conviction entered . . . upon a plea of guilty." OCGA § 16-1-3 (4), (14). Simply put, jeopardy plays no part in the determination of whether a successive prosecution is statutorily barred by OCGA § 16-1-8.

For these reasons, we overrule *Smith* to the extent that it can be read to stand for the proposition that the dismissal of a criminal charge amounts to an "acquittal" for the purposes of OCGA § 16-1-8, and further overrule *Smith*, its progeny, and the

cases in which it has been cited for the proposition that jeopardy must attach before the statutory bar set forth in OCGA § 16-1-8 is triggered.[11]

*Judgment reversed. Dillard, P. J., and Brown, J., concur.*

---

[11] Those cases include, but are not necessarily limited to, *Goodwin v. State*, 341 Ga. App. 530 (802 SE2d 3) (2017); *State v. Jones*, 290 Ga. App. 879 (661 SE2d 573) (2008); *State v. Daniels*, 206 Ga. App. 443 (425 SE2d 366) (1992); *Geckles v. State*, 177 Ga. App. 70 (338 SE2d 473 (1985); *Cochran v. State*, 176 Ga. App. 58 (335 SE2d 165) (1985); *Caldwell v. State*, 171 Ga. App. 680 (320 SE2d 888) (1984).