## McWILLIAMS *v.* THE STATE.

SIMMONS, C. J.  1. Where one was indicted at the March term, 1897, for the illegal sale of intoxicating liquors, the charge being general in its terms, and was tried and convicted; and at the September term, 1897, another general indictment of the same kind was returned against him, in which the time of the commission of the alleged offense was laid prior to the finding of the first indictment; and where the accused filed a plea of former conviction, which was traversed by the State, and the proof established the above facts, the plea should have been sustained. *Bryant* v. *State,* 97 *Ga.* 105; *Craig* v. *State,* 108 *Ga.* 776.

2. When a plea of former jeopardy is filed by the accused and traversed by the State, and demand is made by the accused for a separate trial upon the plea, it is error for the court to require that the plea of former jeopardy and the plea of not guilty be tried at the same time. Even if it were permissible to try such pleas together, the jury should be required to return a special verdict on the plea of former jeopardy. 1 Bish. New Crim. Proc. §§ 752, 812; 9 Enc. Pl. & Pr. 638.

*Judgment reversed. All the Justices concurring.*

Submitted December 4, 1899.—Decided January 24, 1900.

Indictment for selling liquor. Before Judge Freeman. City court of Newnan. October term, 1899.

*Hewlett A. Hall,* for plaintiff in error.
*W. C. Wright, solicitor,* contra.