68954. BOYETTE v. THE STATE.

(324 SE2d 540)

McMURRAY, Chief Judge.

On March 17, 1984, at approximately 2:51 a.m., defendant was arrested by City of Cairo, Georgia police and charged with six separate offenses, to wit: (1) driving under the influence; (2) driving without a driver's license on person; (3) failure to show proof of insurance; (4) driving with faulty equipment; (5) fleeing and attempting to elude police; and (6) disorderly conduct. Subsequently, on April 2, 1984, defendant was tried in the Recorder's Court of the City of Cairo for the offense of disorderly conduct. At said trial, defendant entered a plea of guilty. Defendant's plea was accepted and he was sentenced to pay a fine of $230. The recorder's court did not try defendant for the other five offenses charged, but instead transferred those offenses to the State Court of Grady County. Thereafter, on April 9, 1984, the defendant appeared at his arraignment on the transferred offenses and entered pleas of not guilty as to each offense (said pleas were entered subject to reservation by defendant of the right to enter a plea of former jeopardy). The defendant also demanded a jury trial.

On April 11, 1984, defendant timely filed a "PLEA OF FORMER JEOPARDY," in which he moved the court to dismiss the five offenses for which he was charged. A hearing on defendant's "PLEA" was held on April 23, 1984, and after hearing the evidence introduced, the State Court of Grady County rejected defendant's "PLEA," refusing to dismiss the transferred offenses. From this ruling, defendant has filed a direct appeal to this court under the authority of *Patterson v. State,* 248 Ga. 875 (287 SE2d 7). *Held:*

1. Defendant contends that the trial court erred in denying his "PLEA OF FORMER JEOPARDY," arguing that since he was tried earlier for disorderly conduct, the State is precluded under OCGA § 16-1-7 (b) from subsequently prosecuting him for the various traffic offenses in question, since the charges arise from the same conduct.

We disagree.

OCGA § 16-1-7 (b) provides: "If the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution. . . ." The phrase 'the same conduct' in this statute has been equated with "the same transaction." See *McCannon v. State*, 252 Ga. 515, 518 (315 SE2d 413).

The issue is whether the disorderly conduct offense arose from the same transaction as the five traffic offenses. At the outset, we note that we are without benefit of the transcript of the evidence adduced in the recorder's court. Therefore, we must rely on the transcript of the hearing on defendant's plea of former jeopardy. The police officer who arrested defendant testified that the factual basis of the charge on disorderly conduct was defendant's use of "abusive language, cursing, and he also grabbed my arm with his hand." On cross-examination defendant testified that he noted that the police were behind him with their blue lights on and that he did not stop until he was approximately four or five miles down the road. Defendant testified that he stopped behind an old house and that approximately 15 minutes passed before the police drove up. Apparently the acts which are the basis for the charge of disorderly conduct occurred after the arrival of the police at the location where defendant stopped.

We conclude that the offense of disorderly conduct did not arise from the same transaction as the traffic offenses. The traffic offenses were completed at a different time and at different locations. *Breland v. State*, 135 Ga. App. 478, 479 (1) (218 SE2d 153). See also *Harris v. State*, 193 Ga. 109 (17 SE2d 573).

Evidence of the traffic offenses could be presented without permitting evidence of the disorderly conduct (or vice versa). Compare *Owens v. State*, 233 Ga. 905, 910 (213 SE2d 860) and *Frazier v. State*, 138 Ga. App. 640, 641 (1) (227 SE2d 284). We find no error in the trial court's denial of defendant's plea of double jeopardy.

2. At the hearing of defendant's plea of double jeopardy, defendant's counsel, on redirect examination, asked Officer George Sandefur (one of the arresting officers) the following question: "Q. Mr. Sandefur, exactly what — when you say abusive language, exactly what did he [defendant] say to you and when and where?" Before Officer Sandefur could answer, the State objected on the ground that the question was irrelevant and immaterial. After a lengthy discussion, the trial court sustained the objection. Defendant contends that the trial court erred in sustaining the State's objection to this question because it was relevant in proving, under OCGA § 16-1-7 (b), that all the offenses for which defendant was charged, including the disorderly conduct offense, were "within the jurisdiction of a single

court." In other words, defendant argues that if he had been allowed to discover the particular abusive language used, he would have been able to show that the disorderly conduct offense for which he was charged also violated a state statute (e.g., OCGA § 16-11-39) and was thus within the same jurisdiction as the subject traffic offenses (i.e., the state court). However, in view of our holding in Division 1 of this opinion, it is unnecessary to decide whether the offenses in question were "within the jurisdiction of a single court" because even assuming that they were, we still would hold that the second prosecution (involving said traffic offenses) was not barred. Accordingly, we find no reversible error in this contention.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 20, 1984.

*Robert Culpepper III*, for appellant.
*J. Richard Porter III, Solicitor*, for appellee.