A90A0855. HARRELL v. THE STATE.
(395 SE2d 598)

SOGNIER, Judge.

Charles A. Harrell appeals from the trial court's denial of his plea in bar of prosecution in the Superior Court of Lamar County on charges of obstructing an officer, interfering with government property, carrying a concealed weapon, and possession of a firearm by a convicted felon, made on the ground that these prosecutions were in violation of OCGA § 16-1-7 (b) because he previously had been tried and convicted in Milner Municipal Court on a DUI charge which arose from the same conduct.

At the hearing on the DUI charge in municipal court, Milner Police Chief Jake Sutton testified that at approximately 1:20 a.m. on

September 24, 1988 he observed a vehicle parked on the side of a dirt road. Because the vehicle appeared to be parked in what he regarded as a dangerous and suspicious place, Sutton decided to investigate, and upon further investigation the driver, appellant, produced his license and proof of insurance and answered Sutton's questions. Sutton testified he then asked appellant to submit to a portable Alco-check test because "[a]s [appellant] spoke, he emitted a strong odor of alcohol," and the test results were high enough to cause Sutton to call for help, arrest appellant, and advise him of his implied consent rights, whereupon appellant agreed to take a breath test at the Lamar County Sheriff's office. Lamar County Sheriff's Deputy Eric Harris arrived shortly thereafter, and the two officers handcuffed appellant's hands behind his back and placed him in the rear of Harris' vehicle for transport, with Sutton following in his vehicle. Sutton testified that on the way to the Sheriff's office, Harris stopped in a convenience store parking lot, and when Sutton pulled up behind him, Harris emerged from the patrol car, as did appellant, who "stepped out in a swinging motion in an attempt to hit Deputy Harris." Appellant's counsel then elicited from Sutton the information that Harris told him appellant had "either threatened to kill [Harris] or threatened him with a gun." An intoximeter test at the Sheriff's office registered an alcohol concentration of .19 grams, and appellant was issued a citation charging him with DUI. Warrants were taken out by Harris and Sutton that day for obstructing an officer, carrying a concealed weapon, and carrying a pistol without a license.

Appellant appeared in the Milner Municipal Court on October 12, 1988 and was tried and convicted of the DUI offense. On December 12, 1988, the Lamar County Grand Jury indicted appellant for the offenses of obstructing an officer, interference with government property, carrying a concealed weapon, and possession of a firearm by a convicted felon. Appellant then filed the plea in bar which is the subject of this appeal, alleging the superior court prosecution was barred by the former jeopardy provisions of the Georgia and U. S. Constitutions and by OCGA § 16-1-7 (b). Appellant later amended his plea to request a trial by jury on the plea. The trial court denied both appellant's plea and his request to have the plea heard by a jury.

1. Appellant alleges the trial court erred by failing to afford him a trial by jury on his plea in bar, as required by *McWilliams v. State*, 110 Ga. 290 (2) (34 SE 1016) (1900) and *Daniels v. State*, 78 Ga. 98, 102-103 (2) (6 ASR 238) (1886). However, unlike the situation in those cases, the facts here are not in dispute, as Sutton's testimony at the DUI trial was not rebutted or contradicted. There is no question of when the events giving rise to the charges occurred as a matter of fact. Rather, the issue appellant raises is whether, as a matter of law, the later events "arose from the same conduct" as the DUI charge,

see Division 2, infra, so as to come within the prohibition of the multiple prosecution bar in OCGA § 16-1-7 (b). As no question of fact was at issue here, it was unnecessary to have a jury hear the plea. The trial judge could rule on the plea as a matter of law. *Bell v. State*, 249 Ga. 644, 645 (1) (292 SE2d 402) (1982); accord *Rainey v. State*, 179 Ga. App. 584, 586 (2) (347 SE2d 341) (1986).

2. Appellant contends the trial court erred by denying his plea in bar. We do not agree. OCGA § 16-1-7 (b) provides that "[i]f the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution." The phrase "the same conduct" in this statute has been used interchangeably with the phrase "the same transaction." See *McCannon v. State*, 252 Ga. 515, 518, n. 5 (315 SE2d 413) (1984). Accordingly, the question here is whether the DUI offense arose from the same transaction as the other offenses. It is clear from the testimony at the DUI trial that the conduct giving rise to the other offenses did not occur until after appellant had been arrested for DUI by one officer and placed in the custody of a different officer for transportation to the Sheriff's office. "We conclude that the offense of [DUI] did not arise from the same transaction as the [other] offenses. The [other] offenses were completed at a different time and at different locations. [Cits.] Evidence of the [other] offenses could be presented without permitting evidence of the [DUI] (or vice versa). [Cits.] We find no error in the trial court's denial of [appellant]'s plea of double jeopardy." *Boyette v. State*, 172 Ga. App. 683, 684 (1) (324 SE2d 540) (1984).

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 12, 1990 —
REHEARING DENIED JUNE 22, 1990 — CERT. APPLIED FOR.

*Virgil L. Brown & Associates, Virgil L. Brown, Bentley C. Adams III*, for appellant.

*Tommy K. Floyd, District Attorney, Marie R. Banks, Assistant District Attorney*, for appellee.