A91A1165. THE STATE v. LITTLER.
(411 SE2d 522)

Carley, Presiding Judge.

The stipulated facts are as follows: Appellee was arrested at 1:00 a.m. and charged with DUI via a uniform traffic citation. After being transported to the county jail, he was tested for his blood-alcohol content and processed by an identification technician at approximately 1:41 a.m. During this testing and processing, appellee allegedly committed a simple battery against the technician. Appellee was arrested for this simple battery at a later date. The county solicitor's office handled both the DUI and the simple battery charges and filed separate accusations against appellee. After appellee entered a guilty plea and was sentenced for the DUI, he filed a motion to dismiss the simple battery accusation on the ground of former jeopardy. The trial court granted appellee's motion, and the State appeals pursuant to OCGA § 5-7-1 (3).

The issue raised in the instant case "is whether, as a matter of law, the [simple battery charge] 'arose from the same conduct' as the DUI charge, . . . so as to come within the prohibition of the multiple prosecution bar in OCGA § 16-1-7 (b). . . . The phrase 'the same conduct' in this statute has been used interchangeably with the phrase 'the same transaction.' [Cit.]" *Harrell v. State*, 196 Ga. App. 101, 102-103 (1, 2) (395 SE2d 598) (1990). In the instant case, the simple battery occurred 40 minutes *after* appellee's arrest for DUI and at a *different* location, the officer who made the DUI arrest was *not* the same person allegedly struck by appellee, and the DUI involved appellee's operation of a *motor vehicle*, but the simple battery did not. See generally *Boyette v. State*, 172 Ga. App. 683 (1) (324 SE2d 540) (1984); *Welch v. State*, 172 Ga. App. 476 (323 SE2d 622) (1984). Compare

*McCannon v. State*, 252 Ga. 515 (315 SE2d 413) (1984). " 'We conclude that the offense of [simple battery] did not arise from the same transaction as the [DUI]. The [DUI was] completed at a different time and at [a] different [location]. [Cits.] Evidence of the [DUI] could be presented without permitting evidence of the [simple battery] (or vice versa). [Cits.] [Thus, we find] error in the trial court's [grant] of [appellee's motion].' " *Harrell v. State*, supra at 103 (2).

It is of no material consequence that appellee's DUI violation was originally premised, in part, upon former OCGA § 40-6-391 (a) (4): "A person shall not drive or be in actual physical control of any moving vehicle while . . . [t]he person's alcohol concentration is 0.12 grams or more at *any time within three hours after* such driving or being in actual physical control from alcohol consumed before such driving or being in actual physical control ended." (Emphasis supplied.) Appellee urges. that his violation of this statute could not have occurred until it was established that his blood-alcohol content was 0.12 grams or greater and that this did not occur until the testing that was administered by the technician whom he allegedly assaulted. Thus, according to appellee, his DUI violation did not occur prior to, but rather contemporaneously with, his alleged commission of the simple battery against the technician. It is clear, however, that the conduct proscribed by former OCGA § 40-6-391 (a) (4) was not that of merely having a blood-alcohol content of at least 0.12 grams. That statute proscribed the act of driving or being in actual physical control of any moving vehicle while having a blood-alcohol content so great that, within three hours thereafter, it still had not dropped below 0.12 grams. Thus, if appellee had violated this former statute, it was at 1:00 a.m. when he was arrested while driving his vehicle, not at 1:41 a.m. when he allegedly attacked the technician who was merely engaged in the subsequent effort to secure evidence of appellee's previous guilt. The circumstances are, in effect, no different than if appellee, having previously been arrested on probable cause for any other offense, attacked an officer who was conducting a post-arrest search for evidence of appellee's commission of that prior offense. Accordingly, it is clear that appellee's alleged subsequent attack on the technician in the instant case was no more of an extension of his prior proscribed DUI "conduct" than was the post-arrest attack on the officer in *Harrell v. State*, supra.

Moreover, the two-count DUI accusation that was filed against appellee had not only charged him with violating former subsection (a) (4) of OCGA § 40-6-391, but had also charged him, in the alternative, with having violated subsection (a) (1) of OCGA § 40-6-391. The count that was premised upon former OCGA § 40-6-391 (a) (4) was nolle prossed *before* a jury was impaneled and sworn. Therefore, even assuming that there was any merit in appellee's contention regarding

the timing of his violation of former OCGA § 40-6-391 (a) (4), his prosecution for the simple battery would *not* be barred in the instant case. As to the count charging a violation of former OCGA § 40-6-391 (a) (4), appellee was not placed in jeopardy. OCGA § 16-1-8 (b) (1); *Alexander v. State*, 192 Ga. App. 211 (384 SE2d 436) (1989). Compare *State v. Smith*, 185 Ga. App. 694, 696 (365 SE2d 846) (1988).

*Judgment reversed. McMurray, P. J., concurs. Beasley, J., concurs in the judgment only.*

DECIDED OCTOBER 1, 1991 —
RECONSIDERATION DENIED OCTOBER 16, 1991.

*Ralph T. Bowden, Jr., Solicitor, Ann M. Elmore, Assistant Solicitor*, for appellant.
*W. Michael Maloof*, for appellee.