A95A2437. MORGAN v. THE STATE.
(469 SE2d 340)

SMITH, Judge.

Cedric Morgan was charged by a Liberty County grand jury in two separate indictments with the possession of cocaine with intent to distribute and the sale of cocaine. OCGA § 16-13-30 (b). He was found guilty by a jury in November 1994 of possession with intent to distribute. He was brought to trial on the second charge, his plea of former jeopardy was denied, and he was convicted by a jury. His motion for new trial was denied, and he appeals.

Both indictments arose out of events that occurred on October 18, 1993, in the vicinity of a trailer occupied by Cedric Morgan's cousin, Roy Morgan. A confidential informant and a drug agent went to the trailer to purchase drugs from Roy Morgan. The sale was monitored by four officers and two surveillance vehicles. One of the officers observed Roy Morgan take identified government funds into the woods at the rear of the trailer and return with crack cocaine, which he delivered to the confidential informant. Cedric Morgan's vehicle was parked nearby. When a white Grand Prix automobile left the area of the trailer, two of the officers pursued it to a convenience store as the second surveillance vehicle followed. The Grand Prix was stopped and its occupants, including Cedric Morgan, were arrested. The identified government funds given to Roy Morgan were found in Cedric Morgan's pocket along with a large amount of currency and 19 plastic bags containing crack cocaine.

In the November 1994 trial, Cedric Morgan was convicted of possession with intent to distribute the 19 bags containing crack cocaine. In that trial, the circumstances of the transaction, the surveillance,

the pursuit and arrest, and the discovery of the identified government funds in Cedric Morgan's pocket were testified to by the investigating officers. The trial court found that the sale was part of the res gestae because of the short lapse of time between the sale and the arrest.

In the February 1995 trial, Cedric Morgan was convicted of sale of the cocaine delivered by Roy Morgan to the confidential informant. The same evidence was elicited from the same investigating officers regarding the transaction at the trailer, the pursuit, the arrest, and the discovery of the government funds in Cedric Morgan's pocket. The officers did not testify regarding the 19 pieces of cocaine found in Cedric Morgan's pocket.

Cedric Morgan asserts claims of both substantive and procedural double jeopardy. See *Teal v. State*, 203 Ga. App. 440 (417 SE2d 666) (1992). We need not reach the claim of substantive double jeopardy, however, because the second trial violates the procedural aspect of the double jeopardy rule. Id. at 442 (2).

OCGA § 16-1-7 (b) provides: "If the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution." It is undisputed that the two offenses occurred in Liberty County and were both within the jurisdiction of a single court. The appearance of the district attorney's name on both indictments is "conclusive circumstantial evidence" that the prosecuting officer at the outset of each case was aware of both offenses and the pendency of both prosecutions, and chose to proceed separately. *Smith v. State*, 190 Ga. App. 246, 247 (378 SE2d 493) (1989). The issue for determination here, therefore, is whether the offenses arose from the same conduct.

"The phrase 'the same conduct' in this statute has been used interchangeably with the phrase 'the same transaction.' [Cit.]" *Harrell v. State*, 196 Ga. App. 101, 103 (2) (395 SE2d 598) (1990). In determining whether two offenses arise from the same conduct or transaction, Georgia courts have considered whether the two crimes involve the same "parties, circumstances, locations, and times." *State v. Hulsey*, 216 Ga. App. 670, 671 (455 SE2d 398) (1995); compare *State v. Steien*, 214 Ga. App. 345 (447 SE2d 701) (1994) (offenses involved different acts on different dates and in different locations). The courts also consider whether "evidence of the other offenses could be presented without permitting evidence of the [first offense] or vice versa." (Citations and punctuation omitted.) *Harrell*, supra, 196 Ga. App. at 103 (2).

The State acknowledges that "the better practice would have been to indict the Appellant in one indictment," but relies on the fact that additional drugs were discovered in Cedric Morgan's possession at the time of his arrest at a different location, the convenience store.

The State contends this change of location and the additional drugs found are sufficient to establish that the second offense did not arise from the same conduct or transaction. We disagree. In *Anderson v. State*, 200 Ga. App. 530 (408 SE2d 829) (1991), a city police officer began pursuing a defendant who traveled into the unincorporated county, where a county officer joined in the chase before the defendant was apprehended. Observing that "[t]here was never a break in the pursuit," we concluded that the offenses arose out of one course of conduct and one transaction, even though separate and distinct traffic offenses were committed by the defendant inside the city limits and in the unincorporated county. Id. at 532.[1]

Similarly, Cedric Morgan was under continuous observation from the time of the sale at Roy Morgan's trailer, through his journey down the highway followed by two surveillance vehicles, to his arrest at the convenience store. The offenses occurred on the same date and very close in time, involved the purchase or the possession for sale of the same type of drugs, and were part of an ongoing chain of events arising directly from the confidential informant's purchase of drugs at Roy Morgan's trailer. The same investigative team witnessed both offenses and had Cedric Morgan under continuous surveillance from the time of the sale until his arrest, and virtually identical testimony regarding the surveillance, the pursuit, the arrest, and the search was elicited from the same witnesses at both trials.

Moreover, the additional drugs were discovered in Cedric Morgan's pocket, inside the marked money from the earlier sale. The officers testified to no further actions taken by Cedric Morgan during their surveillance, such as passing a package or money from hand to hand. It appears, therefore, that the offense of possession with intent to distribute was already complete at or immediately after the time of the sale. The State acknowledged as much before the trial court, stating that Morgan was convicted for the possession of cocaine "which he possessed on October 18, 1993, *as he drove away from his cousin's trailer*." (Emphasis supplied.)

This is in sharp contrast to the circumstances in *Harrell*, supra, and *Teal*, supra, which involved additional acts committed by a defendant at a later time constituting a separate, unrelated offense. Harrell was arrested for DUI and transferred to the custody of a different jurisdiction before committing an assault on a police officer. We held that the offenses did not arise out of the same transaction. *Harrell*, supra, 196 Ga. App. at 103. Similarly, the defendant in *Teal* was arrested for trespass on his former wife's property and taken to

---

[1] In that case, the trial court properly denied Anderson's plea of former jeopardy, however, because there was no showing that the proper prosecuting officer of the city had knowledge of the pending county charges. Id.

jail, where he attacked a police officer. While we held that the trespass and the assault on the officer did not arise out of the same transaction, other charges of battery, obstruction, and resisting arrest *did* arise out of the same transaction: the defendant's attack on the police officer. *Teal*, supra, 203 Ga. App. at 443 (2) (b), (c).

Because of the many close connections between Cedric Morgan's two offenses, we conclude that they arose out of the same conduct and transaction, and the State was required to prosecute them in a single prosecution. To hold otherwise would unduly encourage pursuit and surveillance for lengthy periods of time and multiple prosecutions from the eventual arrest. In cases involving the sale or possession for sale of cocaine, this not only holds out the prospect of the harm the double jeopardy statute seeks to prevent, "the harassment of multiple prosecutions," *Smith*, supra, 190 Ga. App. at 247, but also may result in a mandatory life sentence on the second conviction. See OCGA § 16-13-30 (d) ("Upon conviction of a second or subsequent offense, he shall be imprisoned for life").[2] The trial court therefore erred in denying Morgan's plea of former jeopardy.

*Judgment reversed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED FEBRUARY 13, 1996.

*John E. Pirkle*, for appellant.
*Dupont K. Cheney, District Attorney, Carole E. Wall, Assistant District Attorney*, for appellee.

---

[2] The transcript of Morgan's sentencing hearing does not appear in the record. The sentencing hearing of his co-defendant and the sentencing hearing at his first trial show that the trial court and counsel were well aware that "the Judge would have no . . . discretion and the only sentence would be life in prison" on a subsequent conviction. It appears that Morgan, however, was sentenced to 15 years to serve concurrently with his first offense.