### A07A1530. DAVIS v. THE STATE.
(652 SE2d 177)

BERNES, Judge.

Christopher Davis appeals the trial court's denial of his motion to dismiss which alleged that statutory double jeopardy proscriptions bar his prosecution. For the reasons that follow, we affirm.

"On appeal from the grant or denial of a double jeopardy plea in bar, we review the trial court's oral and written rulings as a whole to determine whether the trial court's findings support its conclusion." *Atkinson v. State*, 263 Ga. App. 274, 276 (3) (587 SE2d 332) (2003). "Where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, we review de novo the trial court's application of the law to undisputed facts." *Summers v. State*, 263 Ga. App. 338 (587 SE2d 768) (2003).

The evidence shows that on December 15, 2005, officers were conducting surveillance in a commercial parking lot on George Busbee Parkway in response to complaints regarding vehicle break-ins. The officers observed Davis and co-defendant Letroy Lenard Stewart drive around the parking lot twice, passing several available parking spaces. Eventually, they parked next to the victim's vehicle, and used a screwdriver to pry open the door handle of the vehicle. As the officers approached Davis and Stewart, they got back into their car and fled the scene. Following automobile and foot chases and a struggle with the officers, Davis was apprehended.

While impounding and searching Davis's vehicle, the officers discovered a laptop computer that had been stolen from a car parked at a restaurant on Ernest Barrett Parkway. Davis was charged by accusation in the Cobb County Superior Court with entering an automobile based upon the break-in involving the computer and subsequently pled guilty to this charge.

Davis was also charged by indictment with entering an automobile, possession of tools for the commission of crime, criminal damage to property, obstruction of officer, aggravated battery, attempting to elude, and duty upon striking unattended vehicle based upon the events surrounding the George Busbee Parkway incident. Davis filed a motion to dismiss the indictment alleging that his plea to the

accusation barred his subsequent prosecution on the indictment because the charges in the accusation and indictment should have been prosecuted together pursuant to OCGA § 16-1-7. Following a hearing, the trial court denied Davis's motion, finding that the accusation and indictment did not arise from the same conduct. We agree.

OCGA § 16-1-7 (b) requires the state to prosecute crimes in a single prosecution if the "several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court." In turn OCGA § 16-1-8 (b) (1) bars prosecution

> if the accused was formerly prosecuted for a different crime or for the same crime based upon different facts, if such former prosecution . . . is for a crime with which the accused should have been charged on the former prosecution (unless the court ordered a separate trial of such charge), or is for a crime which involves the same conduct, unless each prosecution requires proof of a fact not required on the other prosecution.

"A crime 'should have been charged' within the meaning of OCGA § 16-1-8 (b) (1) if it falls within the scope of OCGA § 16-1-7 (b)." (Citation omitted.) *Teal v. State*, 203 Ga. App. 440, 442 (2) (417 SE2d 666) (1992). See also *McCannon v. State*, 252 Ga. 515, 516-518 (315 SE2d 413) (1984). Thus, in this case, the pertinent inquiry is whether the charges in the second indictment arose from the same conduct as the charges in the accusation.

In interpreting OCGA § 16-1-7 (b), the phrase "the same conduct" has been used interchangeably with the phrase "the same transaction." See *McCannon*, 252 Ga. at 518, n. 5; *Harrell v. State*, 196 Ga. App. 101, 103 (2) (395 SE2d 598) (1990). However, the term "the same conduct" does not mean merely the same *type* of conduct, i.e., the identical crime committed in different transactions, in different locations, or at different times. See *Summers*, 263 Ga. App. at 340-341; *State v. Gillespie*, 206 Ga. App. 427, 428 (425 SE2d 418) (1992); *Teal*, 203 Ga. App. at 443 (2) (b); *Harrell*, 196 Ga. App. at 103 (2).

Here, the evidence supports the trial court's conclusion that the crimes alleged in the accusation and indictment did not involve the same conduct. The crimes alleged in the indictment occurred at the George Busbee Parkway parking lot and were observed by the officers conducting surveillance. In contrast, the entering an automobile alleged in the accusation occurred over a mile away at the Ernest Barrett Parkway location and was not observed by the officers. Compare *Morgan v. State*, 220 Ga. App. 198, 200 (469 SE2d 340)

(1996) (finding that the offenses arose out of the same conduct and transaction when they were part of an ongoing chain of events perpetrated very close in time and witnessed by the same investigative team conducting continuous surveillance). The crimes alleged in the accusation and indictment involved different victims, locations and times. As such, the trial court did not err in denying Davis's motion to dismiss. See *Delph v. State*, 279 Ga. App. 306, 308 (630 SE2d 891) (2006); *Summers*, 263 Ga. App. at 340-341; *State v. Steien*, 214 Ga. App. 345 (447 SE2d 701) (1994); *Teal*, 203 Ga. App. at 443 (2) (b).

*Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED SEPTEMBER 12, 2007.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Maurice G. Kenner*, for appellant.
*Patrick H. Head, District Attorney*, for appellee.