### A11A1298. BOUTWELL v. THE STATE.
(716 SE2d 569)

SMITH, Presiding Judge.

Jennifer Boutwell appeals from the trial court's denial of her plea in bar based on double jeopardy. She contends that the State was barred from prosecuting her for felony theft by taking following her guilty plea on an accusation charging her with misdemeanor theft by taking. For the following reasons, we affirm.

The record reveals that on September 8, 2010, Boutwell was charged in the State Court of Fayette County with misdemeanor theft by taking: "on or about the 20th day of May, 2010 by unlawfully taking a 1976 yellow gold class ring and a gold in color chain having a value of less than Five Hundred Dollars ($500.00) and being the property of [the victim]" in violation of OCGA § 16-8-2. See OCGA § 16-8-12 (a) (1) (misdemeanor except where property exceeds $500 in value). She pled guilty to this charge on October 4, 2010. On October 20, 2010, Boutwell was charged in the Superior Court of Fayette County with felony theft by taking. The indictment states that she "on and about the 3rd day of May 2010, did unlawfully take a gold herringbone style necklace, the property of [the victim], with a value greater than $500." The same person was the alleged victim in both cases.

Boutwell filed a plea in bar based on double jeopardy on the ground that the felony theft by taking arose from the same conduct as the misdemeanor theft by taking. Following a hearing, the trial court denied Boutwell's plea in bar.

> [U]nder OCGA § 16-1-7, when several crimes arising from the same conduct are known to the State at the time of trial, the crimes must all be prosecuted in a single action. Otherwise, the procedural double jeopardy protections of OCGA § 16-1-8 (b) forbid the State from prosecuting in a

second action crimes that were omitted from the first prosecution.

(Footnotes omitted.) *Prater v. State*, 273 Ga. 477, 481 (4) (545 SE2d 864) (2001). "The appellate standard of review of a grant or denial of a double jeopardy plea in bar is whether, after reviewing the trial court's oral and written rulings as a whole, the trial court's findings support its conclusion." (Citations, punctuation and footnote omitted.) *Nicely v. State*, 305 Ga. App. 387, 389 (1) (699 SE2d 774) (2010). OCGA § 16-1-8 (b) (1) provides:

> A prosecution is barred if the accused was formerly prosecuted for a different crime or for the same crime based upon different facts, if such former prosecution . . . [r]esulted in either a conviction or an acquittal and the subsequent prosecution is for a crime of which the accused could have been convicted on the former prosecution, is for a crime with which the accused should have been charged on the former prosecution (unless the court ordered a separate trial of such charge), or is for a crime which involves the same conduct, unless each prosecution requires proof of a fact not required on the other prosecution or unless the crime was not consummated when the former trial began.

Boutwell argues that there should have been a single prosecution because the assistant state court solicitor-general was aware of all the facts giving rise to the superior court charge of felony theft by taking.[1] But Boutwell's double jeopardy claim fails here in any event because the subsequent prosecution did not involve the same conduct. "A crime 'should have been charged' within the meaning of OCGA § 16-1-8 (b) (1) if it falls within the scope of OCGA § 16-1-7 (b)." (Citations and punctuation omitted.) *Davis v. State*, 287 Ga. App. 535, 536 (652 SE2d 177) (2007). OCGA § 16-1-7 (b) provides:

> If the several crimes arising from the *same conduct* are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single

---

[1] At the hearing on the plea in bar, the assistant state court solicitor-general testified that the reported value of the missing items as listed in the incident report was "approximately $2[,]700" and that she "knew the amount was over the normal misdemeanor amount." She stated further that because she "knew the amount was a felony amount," she contacted the district attorney's office prior to filing the accusation and was told that there was no felony charge pending against Boutwell.

prosecution except as provided in subsection (c) of this Code section.

(Emphasis supplied.) And "the phrase 'the same conduct' has been used interchangeably with the phrase 'the same transaction.' However, the term 'the same conduct' does not mean merely the same *type* of conduct, i.e., the identical crime committed in different transactions, in different locations, or at different times." (Citations omitted; emphasis in original.) *Davis*, supra, 287 Ga. App. at 536; see also *Morgan v. State*, 220 Ga. App. 198, 199 (469 SE2d 340) (1996).

Boutwell was charged in the superior court indictment with taking a different item of a different value from the victim on a different day than the items listed in the state court accusation. See *Davis*, supra, 287 Ga. App. at 536; see also *Summers v. State*, 263 Ga. App. 338, 340 (587 SE2d 768) (2003) ("Our courts have found, on the other hand, that multiple counts of burglary or theft by receiving did not arise from the same conduct, even when the stolen property was recovered together in the course of a single arrest, where the defendant burgled several different residences at separate times." [Cits.]). And "[t]he courts also consider whether evidence of the other offenses could be presented without permitting evidence of the first offense or vice versa." (Citations and punctuation omitted.) *Morgan*, supra, 220 Ga. App. at 199. Here, evidence of the felony taking alleged in superior court could be presented without presenting evidence of the misdemeanor takings, and vice versa. See *Teal v. State*, 203 Ga. App. 440, 443 (2) (b) (417 SE2d 666) (1992).

Because the subsequent felony prosecution did not arise from the same conduct as the former misdemeanor prosecution, OCGA §§ 16-1-7 and 16-1-8 did not apply. The trial court therefore did not err in denying Boutwell's plea in bar based upon double jeopardy.

*Judgment affirmed. Mikell and Dillard, JJ., concur.*

DECIDED AUGUST 24, 2011.

*Emily Bass, Walker L. Chandler*, for appellant.
*Scott L. Ballard, District Attorney, Robert W. Smith, Jr., Assistant District Attorney*, for appellee.