**THIRD DIVISION**
**MIKELL, P. J.,**
**MILLER and BLACKWELL, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**June 22, 2012**

# In the Court of Appeals of Georgia

A12A0551. THE STATE v. STEWART.

BLACKWELL, Judge.

In April 2010, a Dawson County deputy sheriff stopped Noah Stewart, who was driving his motorcycle on State Route 400, for driving too fast. When the deputy discovered that Stewart had a suspended license, the deputy arrested him, and Stewart subsequently was charged with driving while his license was suspended[1] and three other misdemeanor traffic offenses.[2] Stewart eventually pled guilty to these traffic offenses, but before he did, he attempted to convince the prosecuting attorney that,

---

[1] OCGA § 40-5-121 (a).

[2] Stewart also was charged with unlawfully operating a vehicle without a properly displayed license plate, OCGA § 40-2-41, operating a motorcycle without a valid motorcycle license, OCGA § 40-5-20 (a), and operating a vehicle in excess of the posted speed limit, OCGA § 40-6-181 *et seq.*

at the time of the stop, he was lawfully operating his motorcycle under a limited driving permit,[3] which apparently allowed him to drive when he was engaged in the business of his employer. To this end, Stewart allegedly caused a letter to be written and sent to the prosecuting attorney in September or October 2010, which purports to be written by an officer of "CSF Invest" and represents that Stewart is employed by "CSF Invest" as a "real estate research and assessment assistant." In addition, Stewart allegedly gave a statement to an investigator for the prosecuting attorney in October 2010, in which Stewart represented that he was employed with "CSF Investments" as a real property evaluator. The State contends that these representations are false, and it indicted Stewart for making a false statement[4] and tampering with evidence,[5] all in an effort to obstruct his prosecution for the traffic offenses.

---

[3] See generally OCGA § 40-5-64.

[4] OCGA § 16-10-20.

[5] OCGA § 16-10-94 (a).

2

Stewart entered his plea of guilty to the traffic offenses, however, before the indictment for the obstruction charges was returned.[6] Based on this sequence of events, Stewart filed a plea in bar with respect to the obstruction indictment. In his plea in bar, Stewart argued that his prosecution on the obstruction charges was barred by OCGA § 16-1-7 (b), which, generally speaking, forbids the separate prosecution of crimes "arising from the same conduct," so long as the prosecuting attorney knew of all the crimes when the first prosecution was commenced, and so long as all the crimes are within the jurisdiction of the same court.[7] Stewart reasoned that the traffic charges to which he had already pled guilty and the crimes that he allegedly committed months later in an effort to obstruct the prosecution of the traffic charges were crimes "arising from the same conduct." The court below accepted these arguments and granted the plea in bar. The State appeals, contending that the traffic

---

[6] Stewart entered his plea of guilty to the traffic offenses on December 13, 2010, and the indictment for the obstruction charges was returned on January 6, 2011.

[7] The remedy for a violation of the rule against separate prosecutions does not appear in OCGA § 16-1-7. But according to OCGA § 16-1-8 (b) (1), "[a] prosecution is barred if the accused was formerly prosecuted for a different crime . . . if such former prosecution . . . [r]esulted in . . . a conviction . . . and the subsequent prosecution . . . is for a crime with which the accused should have been charged on the former prosecution."

3

charges and obstruction charges do not arise from the same conduct.[8] We agree and reverse the judgment below.

As we have said before, crimes "arising from the same conduct," as that phrase is used in OCGA § 16-1-7 (b), are those that arise from the same transaction or continuing course of conduct. *Dean v. State*, 309 Ga. App. 459, 460 (711 SE2d 42) (2011) (several traffic offenses, all committed on the same date and without a "break in the action," arose from the same conduct). See also *Nicely v. State*, 305 Ga. App. 387, 389 (1) (699 SE2d 774) (2010) (drug possession and traffic offenses arose from the same conduct where accused was charged with driving while his license was suspended and, at the same time, having drugs in his car and on his person). When a court considers whether two crimes arise from the same conduct, it should consider, among other things, whether one crime could be proven without evidence that the accused committed the other. *Boutwell v. State*, 311 Ga. App. 501, 503 (716 SE2d 569) (2011) ("And the courts also consider whether evidence of the other offenses could be presented without permitting evidence of the first offense or vice versa.")

---

[8] The State does not dispute that the prosecuting attorney had knowledge of the obstruction crimes at the time Stewart entered his plea of guilty to the traffic charges, and it does not dispute that the same court—the Superior Court of Dawson County—properly had jurisdiction of these crimes.

4

(citation and punctuation omitted). See also *Morgan v. State*, 220 Ga. App. 198, 199 (469 SE2d 340) (1996) (same); *Teal v. State*, 203 Ga. App. 440, 433 (2) (b) (417 SE2d 666) (1992) (same). A court also should consider whether the crimes occurred on the same date, at the same time, and in the same place, and whether the crimes had the same object and involved the same circumstances and parties. *Morgan*, 220 Ga. App. at 199 ("In determining whether two offenses arise from the same conduct or transaction, Georgia courts have considered whether the two crimes involve the same parties, circumstances, locations, and times.") (citations and punctuation omitted). See also *Boutwell*, 311 Ga. App. at 503 ("Boutwell was charged in the superior court accusation with taking a different item of a different value from the victim on a different day than the items listed in the state court accusation."); *Syas v. State*, 273 Ga. App. 161, 164 (2) (614 SE2d 803) (2005) (crimes that "occurred three days apart, took place at different locations[,] and involved different victims" did not arise from the same conduct); *Summers v. State*, 263 Ga. App. 338, 341 (587 SE2d 768) (2003) ("Our courts have found . . . that multiple counts of burglary or theft by receiving did not arise from the same conduct, even when the stolen property was recovered together in the course of a single arrest, where the defendant burgled several different residences at separate times.") (citation omitted).

5

Here, the court below erred, we think, when it concluded that the traffic offenses to which Stewart pled guilty and the obstruction crimes for which he subsequently was indicted arose from the same conduct. To prosecute the obstruction crimes, although it might be necessary to prove that Stewart had been charged with traffic offenses, it would not be necessary to prove that he actually committed those traffic offenses. Indeed, to prove that Stewart unlawfully made a false statement to the investigator, the State would be required to prove that Stewart "knowingly and willfully . . . [made] a false, fictitious, or fraudulent statement or representation . . . in any matter within the jurisdiction of any department or agency of state government or of the government of any county, city, or other political subdivision of this state." OCGA § 16-10-20. That a prosecution of the traffic charges was pending—whether or not Stewart was guilty of those charges—is enough to show that the prosecution was a "matter within the jurisdiction" of the office of the prosecuting attorney. And to prove that Stewart tampered with evidence by creating and causing the letter to be delivered to the prosecuting attorney, the State would be required to prove that Stewart knowingly made false evidence "with the intent . . . to obstruct the prosecution . . . of any person." OCGA § 16-10-94 (a). Again, that Stewart intended to obstruct a pending prosecution—regardless of whether the prosecution had any

6

merit—is enough to show the requisite intent to tamper with evidence. Accordingly, proof that Stewart committed the traffic offenses would not be necessary to prove the obstruction charges. And of course, proof that Stewart made a false statement or tampered with evidence would not be necessary at all to prove that he committed the traffic offenses.

Moreover, the traffic offenses and the alleged crimes of obstruction occurred on different dates, in different places, and involve different circumstances and parties. The traffic offenses were committed in April 2010, and the obstruction crimes allegedly were committed more than five months later. The traffic offenses were committed upon State Route 400 in Dawson County, whereas the alleged obstruction crimes occurred at the office of the prosecuting attorney and elsewhere. And the traffic offenses involve only Stewart and a deputy. From what we can gather from the record, however, the obstruction charges involve Stewart, his lawyer,[9] Edward

---

[9] There is some indication in the record that Stewart may have caused his lawyer to transmit the letter to the prosecuting attorney and that his lawyer and prosecuting attorney arranged the meeting at which Stewart allegedly made a false statement to the investigator. We note, however, that there is no allegation the defense lawyer knowingly abetted any obstruction or otherwise did anything wrong.

Kelly,[10] the prosecuting attorney, and the investigator.[11] For all these reasons, we conclude that the court below erred when it granted the plea in bar. Accordingly, we reverse the judgment below.

*Judgment reversed. Mikell, P. J., and Miller, J., concur.*

---

[10] According to the indictment, Kelly made the "CSF Invest" letter that Stewart caused to be sent to the prosecuting attorney, and Kelly also made a false statement to the investigator. Kelly was indicted for making a false statement, forgery in the first degree, and tampering with evidence.

[11] Although Stewart apparently told the deputy at the time of the traffic stop that he was "going to look at some investment property" —a statement consistent with his later allegedly false representations about his employment with "CSF Invest"—that statement alone is not enough to warrant a finding that the traffic offenses and obstruction crimes arise from the same conduct. Most important, Stewart was not charged in the obstruction indictment with making a false statement to the deputy at the scene of the traffic stop. The obstruction indictment concerns only those representations that Stewart made much later, in the context of a formal prosecution of the traffic offenses.