**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS, P. J. and BOGGS, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**February 8, 2013**

# In the Court of Appeals of Georgia

A12A1794. JOHNS v. THE STATE.                                    DO-069 C

DOYLE, Presiding Judge.

Brian Louis Johns, Jr., appeals from the trial court's order denying his motion in autrefois convict and plea of former jeopardy. For the reasons that follow, we affirm.

In addition to constitutional proscriptions of double jeopardy, the extent to which an accused may be prosecuted, convicted, and punished for multiple offenses arising from the same criminal conduct is limited even more strictly by the Georgia Criminal Code. Under OCGA § 16-1-7 (b), if several crimes [1] arising from the same conduct are [2] known to the proper prosecuting officer at the time of commencing the prosecution and are [3] within the jurisdiction of a single court, they must be prosecuted in a single prosecution. A second prosecution is barred under OCGA § 16-1-8 (b) (1) if it is for crimes which should have been brought in the first prosecution under OCGA § 16-1-7 (b). In

order for this procedural aspect of double jeopardy to prohibit a prosecution, all three prongs must be satisfied.[1]

In order to determine whether offenses occurred as a result of the same conduct to constitute procedural double jeopardy, this Court has explained that the crimes, inter alia, must arise from the same transaction or continuing course of conduct, occur at the same scene, occur on the same date, and occur without a break in the action; additionally, if it is necessary to present evidence of the one crime in order to prove the other, then the State must prosecute those charges at the same time.[2]

"The appellate standard of review of a grant or denial of a double jeopardy plea in bar is whether, after reviewing the trial court's oral and written rulings as a whole, the trial court's findings support its conclusion."[3]

A review of the record before us, however, reveals that there is no transcript of the hearing contained therein, and as the party alleging error, Johns was required

---

[1] (Footnotes and punctuation omitted.) *Nicely v. State*, 305 Ga. App. 387, 397-388 (1) (699 SE2d 774) (2010). See also *Collins v. State*, 177 Ga. App. 758 (1) (341 SE2d 288) (1986).

[2] See *State v. Stewart*, 317 Ga. App. 82, 84 (729 SE2d 478) (2012). See also *Boyette v. State*, 172 Ga. App. 683, 684 (1) (324 SE2d 540) (1984).

[3] (Punctuation omitted.) *Nicely*, 305 Ga. App. at 389 (1).

2

"to show error by the record. Because we do not have all of the evidence presented to the trial court below, we must assume that the judgment below was correct."[4]

Nevertheless, as stated in Johns's motion before the trial court,

> [Johns] got into an argument with his live-in girlfriend on March 23, 2010[,] and damaged some of her clothes. She called the police[,] and [Johns] left driving his vehicle. One of the police officers went to the residence at 109 Godly Road, Brunswick, Georgia[,] and the girlfriend told the police that the Defendant left driving and that he was drinking alcoholic beverages. Another police officer stopped the Defendant at the intersection of Godley Road and Hwy. 99 in Glynn County, Georgia. [Johns] was charged with Driving Under the Influence and taken to jail. [Johns] made bond[,] and on April 15, 2010[,] he was arrested for criminal trespass (FVA) for the incident that occurred on March 23, 2010[,] with his girlfriend.

Thereafter, Johns pleaded guilty to criminal trespass.

Based on the recitation of those facts in Johns's own motion, the trial court did not err by denying the motion because the offense of DUI did not arise from the same transaction as the offense of criminal trespass (Family Violence Act).[5] Johns was arrested on a warrant for a criminal trespass at the residence of his live-in girlfriend;

---

[4] *Zellars v. State*, 314 Ga. App. 88, 89-90 (2) (723 SE2d 319) (2012).

[5] See *Stewart*, 317 Ga. App. at 85; *Boyette*, 172 Ga. App. at 684 (1).

3

Johns was not at the scene when officers arrived, and the crime was charged based on the statements given to officers by Johns's girlfriend. According to Johns, "another officer" stopped his vehicle and charged him for DUI less safe. Although the stop may have occurred near the residence in question, and although the officer who arrested Johns for DUI may have had information that Johns appeared to be intoxicated while he committed the criminal trespass,[6] the two incidents were separate transactions, one of which had been completed prior to the other, and both of which could be presented to a trier of fact without disclosing evidence of the other offense.[7]

Accordingly, the trial court did not err by denying Johns's motion to dismiss based on double jeopardy grounds.

*Judgment affirmed. Andrews, P. J. and Boggs, J., concur.*

---

[6] "For OCGA § 16-1-7 (b) to apply, the prosecutor handling the proceedings [(not the arresting officer)] must actually know of the crimes. The burden is on the defendant to show such knowledge on the part of the prosecuting officer." (Footnotes and punctuation omitted.) *Barlowe v. State*, 286 Ga. App. 133, 134 (648 SE2d 471) (2007).

[7] See *Stewart*, 317 Ga. App. at 85-86 (reversing trial court grant of double jeopardy motion because obstruction charges did not arise from the same conduct as underlying traffic charges); *Boyette*, 172 Ga. App. at 684 (1) (affirming the denial of a plea of double jeopardy in defendant's trial for five traffic offenses after pleading guilty to disorderly conduct because the disorderly conduct, which constituted actions the driver committed after leaving the roadway "were completed at a different time and at [a] different location[]").