**FIRST DIVISION**
**DOYLE, C. J.,**
**ANDREWS, P. J., and RAY, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**September 7, 2016**

# In the Court of Appeals of Georgia

A16A1156. STATE v. DAVIS.                                        DO-039 C

DOYLE, Chief Judge.

Two months after Chad Alan Davis pled guilty to 25 counts of sexual exploitation of children, he was charged in an second indictment with one count of sexual exploitation of children and two counts of child molestation. Davis filed a plea in bar, asserting that his prior guilty plea precluded prosecution for these additional counts, and the trial court granted the motion. The State appeals, contending that the trial court erred by granting the plea in bar because the charges alleged in the second indictment were not part of the same conduct as that alleged in the initial indictment.[1] We agree and reverse.

---

[1] Because the State conceded to the plea in bar for the one count of the sexual exploitation of children, it appeals only the grant of the plea in bar for the two counts of child molestation.

"On appeal from the grant or denial of a double jeopardy plea in bar, we review the trial court's oral and written rulings as a whole to determine whether the trial court's findings support its conclusion."[2] We review the trial court's application of the law to undisputed facts de novo.[3]

So viewed, the record shows that on March 4, 2013, police executed a search warrant on Davis's house and seized, among other items, computers, thumb drives, video game consoles, and an iPhone. The iPhone required a password, which Davis would not give to the police. On October 27, 2014, the police executed a search warrant to open the iPhone. On November 5, 2014, Davis was indicted for 25 counts of sexual exploitation of children based upon 25 of the hundreds of photographs recovered from his computer seized during the search.

On March 23, 2015, police sent the iPhone to Apple to discover its contents, and approximately two weeks later, Apple returned the iPhone with a report of its contents. According to Apple, the iPhone contained evidence that Davis sent S. W., a 13-year-old girl, a video of a female performing fellatio on a male, and that S. W.

---

[2] (Citation and punctuation omitted.) *Davis v. State*, 287 Ga. App. 535, 535 (652 SE2d 177) (2007).

[3] See id.

2

sent Davis a sexually explicit picture of herself. Based upon this information, police contacted S. W., and she informed them that Davis had once fondled her buttocks. On April 14, 2015, police took out three additional arrest warrants for Davis.

On June 12, 2015, Davis entered a negotiated plea to the 25 counts of sexual exploitation of children alleged in the initial indictment, and he was sentenced to 30 years to serve 15.[4] On August 5, 2015, the State filed a second indictment charging him with sexual exploitation of children and two counts of child molestation, which charges were based upon the contents of the iPhone and S. W.'s statements. On November 30, 2015, Davis filed a double jeopardy plea in bar pursuant to OCGA §§ 16-1-7 (b) and 16-1-8 (b) seeking to dismiss all counts of the second indictment Following a hearing, the trial court granted his motion, and this appeal followed.

The State argues in a single enumeration of error that the trial court erred by granting Davis's double jeopardy plea in bar because the crimes charged in the second indictment did not arise from the same conduct alleged in the first indictment. We agree.

---

[4] Prior to the execution of the plea, the prosecutors discussed a new plea offer with Davis that would encompass new charges, then unindicted, related to the evidence recently discovered on the iPhone. However, for various procedural reasons, both sides agreed to proceed with the original plea deal to only those charges alleged in the first indictment.

3

Under OCGA § 16-1-7 (b), if several crimes [1] arising from the same conduct are [2] known to the proper prosecuting officer at the time of commencing the prosecution and are [3] within the jurisdiction of a single court, they must be prosecuted in a single prosecution. A second prosecution is barred under OCGA § 16-1-8 (b) (1) if it is for crimes which should have been brought in the first prosecution under OCGA § 16-1-7 (b). In order for this procedural aspect of double jeopardy to prohibit a prosecution, all three prongs must be satisfied.[5]

"Crimes arise from the same conduct if they emerge from the same transaction or continuing course of conduct, occur at the same scene, occur on the same date, and occur without a break in the action."[6]

Here, the initial 2014 indictment charged Davis with 25 counts of sexual exploitation of children in violation of OCGA § 16-12-100 (b).[7] The State clarifies, however, that each of those 25 counts was for possession of child pornography, which crimes are prohibited under subsection 8 of OCGA § 16-12-100 (b), which provides

---

[5] (Footnote omitted.) *Johns v. State*, 319 Ga. App. 718, 718-719 (738 SE2d 304) (2013).

[6] (Punctuation omitted.) *Jackson v. State,* 336 Ga. App. 140, 144 (2) (784 SE2d 7) (2016), quoting *Jackson*, 319 Ga. at 719.

[7] OCGA 16-12-100 (a) (4) includes eight examples of "sexually explicit conduct."

that "[i]t is unlawful for any person knowingly to possess or control any material which depicts a minor or a portion of a minor's body engaged in any sexually explicit conduct." In Counts 2 and 3 of the second 2015 indictment, the State charged Davis with child molestation in violation of OCGA §16-6-4 (a).[8] Count 2 charged him with transmitting by cell phone images of a person engaging in an immoral act (a video of a woman performing oral sex on a man) to a child under the age of 16; Count 3 charged him with actually fondling the child's buttocks.

Possession of material depicting a minor engaged in sexual conduct is vastly different conduct from actually transmitting pornography to a child or fondling a child's buttocks. In this case, although the evidence supporting the charges in both indictments was seized on the same date, the charges are entirely separate and do not involve a continuing course of conduct nor did they occur without a break in the

---

[8] OCGA § 16-6-4 (a) provides that "[a] person commits the offense of child molestation when such person: (1) [d]oes any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person; or (2) [b]y means of an electronic device, transmits images of a person engaging in, inducing, or otherwise participating in any immoral or indecent act to a child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person."

5

action.[9] Further, "the State can establish each set of offenses without proving the other."[10]

Accordingly, the charges in the first and second indictments did not arise from the same conduct, and the trial court erred by granting Davis's plea in bar.

*Judgment reversed. Andrews, P. J. concurs. Ray, J., concurs in judgment only.*

---

[9] See *Jackson*, 336 Ga. App. at 144-145 (2); *Johns*, 319 Ga. App. at 719 (single prosecution not required because offenses at issue "were separate transactions, one of which had been completed prior to the other"); *Boyette v. State*, 172 Ga. App. 683, 684 (1) (324 SE2d 540) (1984) (traffic offenses and disorderly conduct involving defendant's actions after traffic stop did not arise out of same transaction because "[t]he traffic offenses were completed at a different time and at different locations").

[10] *Jackson*, 336 Ga. App. at 145 (2).