**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. Please refer to the Supreme Court of Georgia Judicial Emergency Order of March 14, 2020 for further information at (https://www.gaappeals.us/rules).

**May 6, 2020**

# In the Court of Appeals of Georgia

A20A0454. DANIELS v. THE STATE.                                          DO-017 C

DOYLE, Presiding Judge.

Marcus Daniels was charged with two counts of armed robbery at a Waffle House in Coweta County. Daniels filed a plea in bar, arguing that his prior acquittal for armed robbery of a food mart across the street from the Waffle House precluded this prosecution. The trial court denied the motion, and Daniels appeals. Finding no error, we affirm.

The record shows that on May 3, 2017, Daniels was charged with committing armed robbery on October 23, 2016, at a Shell Food Mart. Before the trial, the State filed a "Notice of State's Intention to Offer Evidence of Independent Crimes and Acts (If Said Evidence is Not First Admitted as Intrinsic Evidence)," seeking to admit evidence of an October 2, 2016 robbery at a nearby Waffle House, which is the

robbery charged in the instant case. At the pretrial hearing, the State presented evidence that: (1) the Waffle House and the Shell Food Mart are across the street from each other, near an interstate exit; (2) Daniels sent texts to a friend the day before the Waffle House robbery stating that he needed money and "[had] a Waffle House off [the interstate] exit"; and (3) video from both robberies showed a dark Nissan Versa pull into the parking lot and a male wearing a hooded shirt exit the car, enter the establishment, and point a Glock .45 at the clerk, and a separate man take money from the victim(s). The State argued that evidence of the Waffle House robbery was admissible in the Shell Food Mart case as intrinsic evidence pursuant to *Baughns v. State*.[1] The State also argued that the evidence was admissible under OCGA § 24-4-404 (b) ("Rule 404 (b)") to prove identity, common scheme, and

---

[1] 335 Ga. App. 600, 602-603 (1) (782 SE2d 494) (2016) (explaining that "[u]nder relevant federal authority, [including *United States v. Edouard*, 485 F3d 1324, 1344 (II) (C) (11th Cir. 2007)] evidence is intrinsic to the charged offense, and thus does not fall within Rule 404 (b)'s ambit, if it (1) arose out of the same transaction or series of transactions as the charged offense; (2) is necessary to complete the story of the crime; or (3) is inextricably intertwined with the evidence regarding the charged offense").

intent.[2] The trial court ruled that the evidence related to the Waffle House robbery was admissible as

> both intrinsic evidence, and if it was not intrinsic evidence, I'll find that[:] one it's relevant evidence; two, that there is proof to show that by a preponderance of the evidence that the defendant committed the other act[;] and [three] that the probative value is not substantially outweighed

---

[2] Rule 404 (b) provides:

Evidence of other crimes, wrongs, or acts shall not be admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. The prosecution in a criminal proceeding shall provide reasonable notice to the defense in advance of trial, unless pretrial notice is excused by the court upon good cause shown, of the general nature of any such evidence it intends to introduce at trial. Notice shall not be required when the evidence of prior crimes, wrongs, or acts is offered to prove the circumstances immediately surrounding the charged crime, motive, or prior difficulties between the accused and the alleged victim.

At the hearing, the State argued that because the evidence was intrinsic, the trial court would not need to give a Rule 404 (b) limiting instruction to the jury when the Waffle House evidence was presented.

by an undue prejudice after a hearing on the matter. [Therefore, it is admissible under Rule 404 (b)].

Based on that ruling, the State presented evidence of both the Waffle House and Shell Food Mart robberies. At the conclusion of the trial, on January 25, 2018, the jury acquitted Daniels of the Shell Food Mart robbery.

On July 10, 2018, the State indicted Daniels for two counts of armed robbery at the Waffle House. Daniels filed a plea in bar, asserting that his acquittal in the Shell Food Mart case barred further prosecution for the Waffle House robbery pursuant to OCGA § 16-1-8 (b) because he should have been charged with the latter in the Shell Food Mart case pursuant to OCGA § 16-1-7 (b). Following a hearing, the trial court denied the plea in bar, concluding that the two robberies "involve different conduct[,] and the second prosecution is not barred on double jeopardy grounds."

In a single enumeration, Daniels argues that the trial court erred by denying his plea in bar. We disagree.

In addition to constitutional proscriptions of double jeopardy, the extent to which an accused may be prosecuted, convicted, and punished for multiple offenses arising from the same criminal conduct is limited even more strictly by the Georgia Criminal Code. Under OCGA § 16-1-7 (b), if several crimes [(1)] arising from the same conduct are [(2)] known to the proper prosecuting officer at the time of commencing the

prosecution and are [(3)] within the jurisdiction of a single court, they must be prosecuted in a single prosecution. A second prosecution is barred under OCGA § 16-1-8 (b) (1) if it is for crimes which should have been brought in the first prosecution under OCGA § 16-1-7 (b). In order for this procedural aspect of double jeopardy to prohibit a prosecution, all three prongs must be satisfied.[3]

Offenses occur as a result of the same conduct and therefore constitute procedural double jeopardy, if

the crimes . . . arise from the same transaction or continuing course of conduct, occur at the same scene, occur on the same date, and occur without a break in the action; additionally, if it is necessary to present evidence of the one crime in order to prove the other, then the State must prosecute those charges at the same time.[4]

"The appellate standard of review of a grant or denial of a double jeopardy plea in bar is whether, after reviewing the trial court's oral and written rulings as a whole, the

---

[3] (Punctuation omitted.) *Johns v. State*, 319 Ga. App. 718, 718-719 (738 SE2d 304) (2013).

[4] Id. at 719.

trial court's findings support its conclusion. But . . . we review de novo the trial court's application of the law to undisputed facts."[5]

Here, the State concedes that prongs 2 and 3 of the analysis — that the Waffle House robbery was known to the State at the time of the Shell Food Mart prosecution, and that both cases are within the jurisdiction of a single court — have been met. Thus, the only issue on appeal is the first prong: whether the crimes arise from the same conduct. Daniels contends that the crimes do arise from the same conduct, relying heavily on the State's position in the Shell Food Mart case that the two robberies were not two separate incidents and "not just a crime spree" because they were in the same location, with the same participants, and committed in the same manner.

The robberies, though committed at nearby locations, occurred three weeks apart at different locations, against different victims. Thus, contrary to Daniels's argument, the crimes did not constitute a continuing course of conduct.[6] "Moreover,

---

[5] (Punctuation omitted.) *Garrett v. State*, 306 Ga. App. 429, 429 (702 SE2d 470) (2010).

[6] See *Johns*, 319 Ga. App. at 720, citing *State v. Stewart*, 317 Ga. App. 82, 85 (729 SE2d 478) (2012) (crimes did not arise from the same conduct because they "occurred on different dates, in different places, and involve different circumstances and parties"); *Syas v. State*, 273 Ga. App. 161, 164 (2) (614 SE2d 803) (2005) (crimes

the State can establish each set of offenses without proving the other."[7] The fact that the State introduced evidence of the Waffle House robbery at the Shell Food Mart trial and may attempt to introduce evidence of the Shell Food Mart robbery at the Waffle House trial does not mean that the State *needs* to prove the unrelated Shell Food Mart robbery to establish that Daniels committed the Waffle House robbery nor that evidence of the Waffle House robbery was necessary to convict him of the Shell Food Mart robbery.[8] Similarly, the trial court's prior decision to admit the evidence of the Waffle House robbery in the first trial as intrinsic evidence does not eliminate

---

that "occurred three days apart, took place at different locations[,] and involved victims" did not arise from the same conduct); *Summers v. State*, 263 Ga. App. 338, 340 (587 SE2d 768) (2003) ("Our courts have found . . . that multiple counts of burglary or theft by receiving did not arise from the same conduct, even when the stolen property was recovered together in the course of a single arrest, where the defendant burgled several different residences at separate times."). Compare *Dean v. State*, 309 Ga. App. 459, 460 (711 SE2d 42) (2011) (holding that multiple traffic offenses committed on the same date without a "break in the action" arose from the same conduct); *Nicely v. State*, 305 Ga. App. 387, 389 (1) (699 SE2d 774) (2010) (holding that drug possession and traffic offenses arose from the same conduct because the defendant was charged with driving while his license was suspended and, at the same time, having drugs in his car and on his person).

[7] *Jackson v. State*, 336 Ga. App. 140, 145 (2) (784 SE2d 7) (2016).

[8] See id.

the applicable statutory requirement that the crimes must arise from the same course of conduct in order to preclude a subsequent prosecution.

The Shell Food Mart and Waffle House robberies did not arise from the same conduct. "Accordingly, the trial court properly denied [Daniels] plea in bar."[9]

*Judgment affirmed. McFadden, C. J., and Hodges, J., concur.*

---

[9] Id.